RENWAR OIL CORPORATION V. E. L. LANCASTER ET AL

No. A-4861. Decided March 9, 1955.
Rehearing denied April 20, 1955.
(276 S.W. 2d Series 774)

*J. M. Easterling* and *B. D. Tarlton,* both of Corpus Christi, *George Gilbert* of Shreveport, La., *Shank, Dedman & Payne* and *Ralph B. Shank,* of Dallas, for petitioner.

The suit being for the recovery of land, or an interest therein, venue lies in the county where the land is situated. Allison v. Yarbrough, 228 S.W. 2d 930; Socony-Vacuum Oil Co. v. Alderhold, 150 Texas 292, 240 S.W. 2d 751; Glen Falls Indm. Co. v. Sterling, 213 S.W. 2d 858.

*William M. Bates,* of Dallas, for respondents.

MR. JUSTICE WILSON delivered the opinion of the Court.

■ The only question presented in this appeal from a trial court's order sustaining a plea of privilege is whether this is a suit for the recovery of land within the meaning of subdivision 14 of Art. 1995, V.A.C.S. We hold that it is. The parties will be identified as in the trial court where E. L. Lancaster and Mrs. Vesta P. Gamble, independent executrix of the estate of G. A. Gamble, were plaintiffs and Renwar Oil Corporation was defendant.

■ To determine the true nature of this suit, we must look first to plaintiffs' pleading and the relief they seek. The two plaintiffs allege that together they owned one eighth of the minerals under the north half of the Davis Survey in Nueces County; that the Davis Survey "was on dry land on Mustang Island above the high water mark when surveyed and plaintiffs submit that they are entitled to a finding to that effect"; that they executed an oil and gas lease now belonging to defendant by which they are entitled to a royalty of one sixty fourth of the oil and gas produced from the north half of the Davis Survey; that defendant has drilled three producing wells on the north half of the Davis Survey but has refused to pay plaintiffs a full one sixty fourth of the oil run from the three wells on the north half of the Davis Survey; that paragraph 5 of said oil and gas lease, containing a pooling clause, is void and unenforceable under the Statute of Frauds and for other reasons; that nevertheless defendants have under paragraph 5 attempted to unitize the Davis Survey tract with other adjacent tracts owned by the School Land Board which unitization is void and ineffective as to plaintiffs; that several of the unitization agreements attempt to unitize particular strata known as Zone No. 5 and Zone No. 10 which method of unitization is not covered in paragraph 5 of the lease; that defendants have secured working agreements in oil and gas leases on State land alleged to be in conflict with the Davis land and by reason of this seek to diminish plaintiffs' royalties; that the two tracts are not in fact in conflict; that the State leases and unitization agreements did not comply with Art. 6008-b, Section 1, Subsection 1, or with Art. 5359 or with Art. 6014, and are void for these and other reasons; and that plaintiffs have no objection to defendant's paying to the State a one-eighth royalty to be paid out of the working interest without diminution of the royalty due plaintiffs, but do object to paying the State a royalty in diminution of their royalty as defendant has attempted to do in a proposed division order not signed by plaintiffs. On this point plaintiffs' specific allegation is as follows:

"It is apparent from an inspection of this division order that it is proposed to pay Bascom Giles, Commissioner of the General Land Office, this 1/8th royalty as a royalty interest along with the lessors holding under the A. B. Davis Patent thereby diminishing the amount of royalty that should be paid to the plaintiffs instead of paying the same as an overriding royalty out of the 7/8ths working interest according to the plain terms of the contract between Renwar Oil Corporation, Arkansas Fuel Oil Company and the state officials."

Plaintiffs' prayer includes the following:

"First: Judgment that they are entitled to receive from the defendant as royalty 1/64th of the value of the oil, gas and gas distillate produced and marketed by defendant from any wells already drilled or that may hereafter be drilled on the North 320 acres of the A. B. Davis Survey without diminution or reduction on account of the 1/8th royalty promised to the State under the lease to Arkansas Fuel Oil Company or on account of the several unitization agreements made by defendant with the State School Land Board.

" * * *.
"Fifth: For such other further and different relief as the plaintiffs may be entitled to receive at law or in equity."

In their brief plaintiffs contend that this suit is "* * * for a declaratory judgment based solely upon the allegations in the petition and the exhibits attached thereto; and that they have not sued for the recovery of an interest in land or to quiet title to an interest in land but merely have asked the judgment of the court that they are entitled to 1/64th of the money realized by petitioner from the sale of oil and gas produced under the lease executed by them to Geo. H. Gay, Trustee."

The Court of Civil Appeals held (with dissent) that this suit was for a declaratory judgment fixing the rights of the parties under a contract (oil and gas lease) "and for a money judgment for the royalty due for oil already produced under the lease involved." 270 S.W. 2d 289.

While it is true that an oil and gas lease is a contract in the sense that it is a conveyance of realty upon terms and conditions which may be contractual in nature, the relief plaintiffs seek is not personal as distinguished from real in that as between the parties they seek an adjudication that the Davis Survey is not in conflict with another grant, and therein lies the

heart of the controversy over the precise amount of the royalty due them. That this is the controlling issue is apparent from the following statements taken from their brief:

"The ultimate and final issue to be determined in this case is this: Does appellee have the right to charge this 1/8th royalty (payable to State) to and deduct it from the royalty due the lessors owning mineral interests under the A. B. Davis patent, as it is attempting to do as evidenced by its division order submitted to and rejected by appellants (Tr. 79) and in the supplemental pooling agreement (Tr. 73) tendered by appellee to appellants; and, again, in the alleged pooling agreements made with the concurrence of the Commissioner of the General Land Office and head of the School Land Board (Tr. 60, et seq.)."

"For the interest and protection, not only of appellants, but all other owners of lands and mineral interests in the coastal area, answer should be a positive and unqualified NO!"

At another place in their briefs they state:

"It will be noted that this division order admits the obligation of appellee to appellants and other claimants under the A. B. Davis Patent to pay a royalty under their leases but the payments tendered being considerably less than they were entitled to receive appellants rejected it. It is apparent, also, that the amount of royalty offered to the A. B. Davis owners was materially less than 1/8th to which they were entitled and that it was so reduced by attempting to charge them and deduct from their royalty payments the royalty provided for Bascom Giles as a lessor's royalty interest and not as an overriding royalty as stipulated in the contract."

Where the trial court, as between the parties, must either locate a survey on the ground (by either surveying data or estoppel or both) in order to determine a dispute as to the amount of royalty due, or must determine that one party is estopped to deny a certain location, the suit is essentially one for the recovery of land and to quiet title within subdivision 14, Art. 1995, even though cast as one for a declaratory judgment.

In addition plaintiffs seek an adjudication that certain unitization agreements are void and ineffective as to them. Since these agreements are essentially a conveyance of an interest in realty, Veal v. Thomason, 138 Texas 341, 159 S.W. 2d 472, this

constitutes an effort to remove cloud from title, even though alleged as an effort to construe a contract.

In reaching a contrary conclusion, the majority of the Court of Civil Appeals relied primarily upon Goodrich v. Superior Oil Co., 150 Texas 159, 237 S.W. 2d 969. Neither the allignment of the parties in that case nor the pleaded causes of action present the same venue problem as that involved at bar.

Plaintiffs claim that the recognition by defendant of any title in the State conflicting with the Davis Survey which would work a diminution of their royalty is fraudulent as to them, but this depends upon whether the State does in fact own or claim land actually in conflict with plaintiffs' location of the Davis Survey.

Accordingly the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed. Costs are taxed against respondents.

Opinion delivered March 9, 1955.

Rehearing denied April 20, 1955.