**MELLON EXPLORATION COMPANY,**
**Appellant,**

v.

**Clinton MANGES, et al., Appellee.**

**No. B14–82–164–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 1982.

Norman Riedmueller, Butler, Binion, Rice, Cook, & Knapp, Houston, for appellant.

Pat Maloney, San Antonio, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This is an appeal from the trial court order sustaining appellee's amended plea of privilege. At issue is whether this is a suit the venue for which is governed by the mandatory provisions of subdivision 14 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964). We hold that it is not and reverse the trial court order.

Appellant entered into an escrow agreement with appellee Manges and numerous others in connection with a mineral lease on various lands located in Starr and Jim Hogg Counties. By the terms thereof appellant was to deposit funds totaling some 4.6 million dollars with the escrow agent in Harris County, Texas, and appellee and M.W. Haun were each to deliver to the same escrow agent an assignment of a lease each purportedly held. Under the terms of the agreement, when these requirements were met, the escrow agent was to distribute the lease bonus funds held in escrow to the parties to the escrow agreement in accordance with its terms. Appellant completed its deposit of funds with the escrow agent on September 17, 1981, but appellee and Haun refused to deliver the assignment of leases called for by the agreement. Following appellee Manges' attempt to secure distribution of the escrow funds without his or Haun's compliance with the terms of the agreement, on October 1, 1981, appellant filed, in Harris County, Texas, a suit for declaratory judgment against every person who might have any claim to the funds paid into escrow under the agreement. In both the original petition and the amended petition, appellant sought:

"A. Specific performance by Defendants Clinton Manges and M.W. Haun of the assignment and delivery of the leases referred to in Paragraph 6 of the Escrow Agreement;

B. Judicial declaration of the rights, if any, of each Defendant to a distribution of the escrow funds;

C. Judicial declaration of the obligation of Defendant First City National Bank to make distribution of the escrow funds setting forth the portions due each claimant thereto; and

D. Such other relief to which Plaintiff may show itself entitled at law or equity."

Appellee Manges filed a plea of privilege seeking transfer of the case to Duval County, the county of his residence. Appellant filed a controverting plea asserting venue to be properly in Harris County under subdivisions 3, 4 and 10 of Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964). Appellee Manges then filed an amended plea of privilege asserting the "lawsuit concerns realty located in Starr County, Texas, and specifically, concerns the assignment and delivery of certain leases covering such acreage in Starr County, Texas," and the "suit additionally seeks to remove an incumbrance [sic]

on the land located in Starr County, Texas, which incumbrance [sic] diminishes the value of the lease to Plaintiff." Appellant filed an amended controverting plea again asserting the applicability of subdivisions 3 and 4 and denying the applicability of subdivision 14 because the suit was one "for a declaration of the rights of various parties under an escrow agreement and was not a suit for the *recovery of land, damages for injury to land, to remove encumbrances on land, to quiet title to land, or to prevent or stay waste on land.*" The trial court sustained appellee's first amended plea of privilege and ordered "this cause" transferred to Starr County, Texas. No other party filed a plea of privilege and this appeal is as to appellee Manges alone.

The question before us is whether appellant's suit for specific performance and a declaratory judgment falls within the categories delineated in Tex.Rev.Civ.Stat.Ann. art. 1995 § 14 (Vernon 1964) which states:

Suits for *recovery of lands* or *damages thereto,* to *remove encumbrances upon the title* to land, or to *quiet the title to land,* or to *prevent or stay waste on lands,* must be brought in the county in which the land, or a part thereof, may lie. (Emphasis added).

Looking to the allegations of appellant's amended petition and the relief sought therein, as we must, see, *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774, 775 (1955), we do not find this to be a suit which is encompassed by the above quoted section. Appellant clearly seeks a declaratory judgment to determine the respective rights of the parties under the escrow agreement and additionally prays for specific performance by appellee Manges and Haun of the agreed to assignment and delivery of the leases referred to in the escrow agreement.

Nevertheless, appellee maintains that because his wife, Mrs. Ruth Manges, claims an interest in the land sought to be leased, any adjudication of entitlement to the monies now held in escrow would, in essence, involve a determination of title to the land and would result in a cloud on any title interest she may have. This may indeed be the case; nevertheless, appellant's amended petition does not seek an adjudication of title. Rather it asserts a right to specific performance of a contract and a declaratory adjudication of the *rights of the parties to monies now in escrow pursuant to that contract.*

Subdivision 14 has been held inapplicable to specific performance of contracts, even though the contract involves an interest in land. *Smith v. Hall,* 147 Tex. 634, 219 S.W.2d 441, 444 (1949); *Black v. Salazar,* 577 S.W.2d 768, 770 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Calvert v. Greene,* 326 S.W.2d 592, 593 (Tex.Civ.App.—San Antonio 1959, no writ). Simply stated, a Harris County court can hear this case and make whatever orders are appropriate. Either Manges and Haun will be ordered to assign to Mellon whatever interest they have in the leases, and the court will determine the portion of funds in escrow due each claimant, or the court can declare the escrow funds returned to Mellon.

Evidence was adduced before the trial court that appellant was a Delaware corporation with its principal place of business in Harris County, Texas; that the defendant bank and escrow agent, a party defendant to the suit, was located in Houston; that some of the other named defendants resided outside this state; that some of the other defendants resided in other counties within this state and that the residence of some of the defendants was unknown. Subdivision 3 of Tex.Rev.Stat.Ann. art. 1995 provides that if one or all of several defendants reside without the state or if their residence is unknown, suit may be brought in the county where plaintiff resides. Further, subdivision 4 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. We find that under either of the two subdivisions, venue was properly laid in Harris County, Texas.

Accordingly, we reverse the judgment of the trial court and render judgment overruling appellee's plea of privilege.

Reversed and Remanded.

MURPHY, Justice, dissenting.

I respectfully dissent from the majority's holding venue proper in Harris County. Mellon sought a declaratory judgment to clarify and resolve the performance of an escrow agreement. Its pleadings, as amended, alleged disputes Hadarisen over entitlement to the escrow funds. One of these disputes concerned the issue of whether Mrs. Ruth Manges was entitled to those monies. As revealed in the statement of facts, Mr. Jim Decker, counsel for Mellon, during direct examination testified that the entitlement percentages related to portions of the land held by the lessors and doubt existed as to their accuracy because they were made *without title opinions*. On cross-examination, Decker admitted the land located in Starr county was the subject matter of the lease. Decker further testified that the funds were escrowed because the lessors' entitlement to portions were based upon the lease of the land. Decker also stated that although the interests of Mrs. Manges under the lease "were not the impetus" behind the suit for declaratory judgment, "[it] has arisen as a problem." Decker also testified that in trying to perfect its title, Mellon had sent a notification letter to Mrs. Manges. The following colloquy in pertinent part occurred:

Q One of the things that you are asking the Court to do is ascertain what are the rights of Mrs. Clinton Manges . . . insofar as how much money she is entitled to with reference to 53% of the four million plus?

A That is correct.

Q So you are going to have to ask this Court to adjudicate her community rights with reference to the 53%?

A Not necessarily her community rights. Whatever her rights may be to the community, separate or otherwise.

Q Because right now you don't know how much to distribute to her until the Court makes a finding . . .?

A That is correct.

Subdivision 14 is mandatory and will prevail over permissive subdivisions of the venue statute where a conflict arises. *Lang-deau v. Burke,* 163 Tex. 526, 358 S.W.2d 553, 554 (1962); *DRG Financial Corporation v. Wade,* 577 S.W.2d 349, 352 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). A court must examine the allegations in the plaintiff's pleadings, the relief sought and the evidence to determine the true nature or ultimate purpose of the cause of action. 577 S.W.2d at 351; *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *People's National Bank of Tyler v. Cranek,* 557 S.W.2d 330, 332 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ dism'd). The distribution of funds, after a review of the above-described testimony and an examination of Mellon's pleadings, seems inextricably entwined with a determination of Mrs. Manges' title to the land subject to the lease, which she never signed and refuses to ratify. Mellon's lease purportedly covering all the Manges' land is a cloud or encumbrance upon Ruth Manges' interest. I would hold that a determination of that interest must occur in Starr County.