**AIRVANTAGE, L.L.C., Appellant,**

v.

**TBAN PROPERTIES # 1, L.T.D.,
Adi Nir, and Dwight Heard,
Appellees.**

No. 05–07–01288–CV.

Court of Appeals of Texas,
Dallas.

Nov. 3, 2008.

Lana R. Dieringer, Houston, for Appellant.

William G. Shaw, Dallas, for Appellee.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

This case involves a post-judgment challenge to the trial court's denial of a motion to transfer venue. TBAN Properties # 1, L.T.D. ("TBAN") brought a declaratory judgment action in Dallas County against Airvantage, L.L.C. ("Airvantage") to request the removal of a lis pendens from its Harris County property. TBAN also asserted claims for fraud, conspiracy, and conversion arising out of the same transaction that resulted in the lis pendens. Airvantage moved to transfer venue of the action to Harris County, and the trial court denied the motion. On appeal of the trial court's final judgment, Airvantage argues the trial court erred when it refused to transfer the case from Dallas County to Harris County because venue was mandatory in Harris County and all events giving rise to the claims occurred in Harris County. Appellant also argues the trial court erred by refusing to grant its motion to

withdraw its nonsuit of one of the defendants. We conclude the suit essentially involved an interest in real property. Therefore, venue was mandatory in Harris County, the county where the property was located, and the trial court erred by refusing to transfer the case. We reverse the trial court's judgment and remand the case with instructions to transfer the case to Harris County.

## I. Background

TBAN is a Texas limited partnership. Its limited partnership interests were initially held by the Esther Nir Children's Trust No. 1, the Esther Nir Children's Trust No. 2, Moshe Epstein and James Krieger. TBAN's general partner was TBAN Management Company No. 1 ("TBAN Management"), a Texas limited liability company.

TBAN owned interests in real estate, including the Vista del Sol Apartments (the "Vista Property") in Houston, Texas. Epstein also held interests in other limited liability companies, including LGJM Properties, Ltd. ("LGJM"). These limited liability companies owned other properties in Harris County, Texas.

In 2001, Airvantage loaned Epstein and Krieger $250,000. The loan was memorialized by a promissory note (the "Note").[1] The Note was signed in Houston, to be paid in Houston, and required Houston as the venue for any disputes. Epstein and Krieger pledged their partnership interests in TBAN as collateral for the Note. The Note was also secured by deeds of trust to other Harris County properties owned by LGJM.

By January 2002, Airvantage believed Epstein and Krieger would not be able to pay the Note. As a result, Airvantage filed a document with the Harris County clerk entitled "Notice of Lis Pendens" ("lis pendens"). The lis pendens states that Airvantage "seeks to establish an interest in and lien against [the Vista Property]" pursuant to an agreement between Airvantage and TBAN. Airvantage also filed a security agreement with the Harris County clerk. The security agreement identifies Airvantage as the secured party to which Epstein and Krieger are indebted in the amount of $400,000 and states the obligation is secured by the debtors' interests in TBAN, the Vista Property, and the proceeds of this collateral.

Epstein also borrowed money from Sheridan Residential Venture, Inc. ("Sheridan"), evidenced by a promissory note in favor of Sheridan secured by Epstein's partnership interest in TBAN. A dispute subsequently arose between TBAN, Epstein and Krieger. The dispute was settled in March 2002, and Epstein and Krieger conveyed their partnership interests in TBAN to Sheridan and one of the Nir trusts.

In April 2003, TBAN entered into a contract to sell the Vista Property and discovered the lis pendens during the due diligence process. A Harris County title company notified Airvantage of the pending sale. Airvantage was also advised that Epstein and Krieger had transferred their partnership interests in TBAN to other parties. After receiving documentation of the transfer, Airvantage released the lis pendens and the sale of the Vista Property was consummated. Because Airvantage claimed Epstein and Krieger had not satisfied their obligations under the Note, the title company and TBAN executed an escrow agreement. The escrow agreement references the lis pendens and the security agreement and defines these documents

---

1. Although Airvantage agreed to extend a $400,000 loan and the face amount of the Note is for this amount, only $250,000 was actually funded.

together as the "Liens." The agreement provides that the escrow agent will hold $55,480 of the proceeds from the sale of the Vista Property in escrow. The escrowed funds are to be held until the entry of a final judgment invalidating the Liens, a release of the claims arising under the Liens, or receipt of written instructions from TBAN and Airvantage authorizing release of the funds. The escrow agreement was executed on behalf of TBAN by Adi Nir ("Nir") in his capacity as president of TBAN Management.

Following the release of the lis pendens and execution of the escrow agreement, TBAN initiated a declaratory judgment action against Airvantage in Dallas County. TBAN asserted venue was proper in Dallas County pursuant to § 15.002(a) of the Civil Practice and Remedies Code because all or a substantial portion of the acts or omissions occurred in Dallas County and because TBAN resided in and maintained offices in Dallas County at the time the cause of action accrued. The petition sought a declaration that the lis pendens was invalid and void. The petition also asserted a claim for conspiracy allegedly evidenced by the loan documents pledging an interest in the Vista Property, a claim for conversion of a portion of the proceeds of the sale of the Vista Property, and a claim for fraud. Airvantage moved to transfer venue to Harris County and argued Harris County was the appropriate location for the case under both the mandatory and permissive provisions of the venue statute. The trial court denied the motion to transfer venue.

After the motion to transfer venue was denied, Airvantage asserted a counterclaim for fraudulent transfer. TBAN amended its petition to assert claims against additional defendants, including Dwight Heard ("Heard"), former counsel to TBAN and TBAN Management. Numerous third-party defendants, including Nir, were also joined. At some point, Airvantage filed a motion to nonsuit Heard and the trial court signed an order of nonsuit. Immediately prior to trial, Airvantage moved the court to withdraw the order of nonsuit. The trial court declined. After a two day bench trial, the trial court signed a final judgement stating the Liens had been released of record on April 28, 2003 and were "invalid, void, and of no force and effect." The judgment also stated that the funds held in escrow had been released to TBAN on March 31, 2005, ordered the funds remain the sole property of TBAN, and decreed the escrow agreement of no further force and effect. The judgment further ordered that all parties take nothing on their remaining claims and denied the parties' respective requests for attorney's fees. This appeal followed.

## II. Standard of Review

Our review of the trial court's venue ruling is governed by statute. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 2002). In deciding whether the trial court properly determined venue, we consider the entire record. *Id.; see also, Wilson v. Tex. Parks and Wildlife Dep't,* 886 S.W.2d 259, 261–262 (Tex.1994). A trial court's erroneous denial of a motion to transfer venue is not harmless and requires reversal of the judgment and remand for a new trial. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 2002); *Allison v. Fire Ins. Exch.,* 98 S.W.3d 227, 241–242 (Tex.App.-Austin 2002, pet. granted, judgm't vacated w.r.m.).

## III. Discussion

Airvantage asserts venue was proper in Harris County under both the mandatory and permissive provisions of the venue statute. Mandatory venue provisions trump permissive ones. *See Wich-*

*ita County v. Hart,* 917 S.W.2d 779, 781 (Tex.1996). Therefore, we begin by examining the applicability of the mandatory venue provision to the venue facts in this case.

Airvantage contends this suit affected the title or ownership of land, and therefore the trial court could not refuse to transfer venue to the county where the land was located. TBAN counters by stating the notice of lis pendens was never a lis pendens because it did not meet the statutory requirements for a lis pendens. TBAN also argues the lis pendens is immaterial to the venue determination because the lis pendens was released before the lawsuit was filed.

The venue provision upon which Airvantage relies provides:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

■ TEX. CIV. PRAC. & REM.CODE ANN. § 15.011 (Vernon 2002). Section 15.011 is a mandatory venue provision. *In re Applied Chem. Magnesias Corp.,* 206 S.W.3d 114, 119 (Tex.2006) (orig.proceeding). Two venue facts must be established to show that venue is mandatory under section 15.011: (1) that the nature of the suit fits within those listed in section 15.011; and (2) that all or part of the realty at issue is located in the county of suit. *See In re Stroud Oil Prop., Inc.,* 110 S.W.3d 18, 25 (Tex.App.-Waco 2002, orig. proceeding). It is undisputed that the Vista Property is located in Harris County. Thus, the sole issue is whether the suit affects an interest in land or is one to remove an encumbrance or quiet title.

■ A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, which purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. *See Fajkus v. First Nat'l Bank,* 654 S.W.2d 42, 45 (Tex.App.-Austin 1983, writ dism'd). To determine whether the nature of the suit involved a cloud on legal title or otherwise affects an interest in land, we examine TBAN's petition. *See Stroud Oil,* 110 S.W.3d at 25. Whether the recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought. *See Madera Prod. Co. v. Atlantic Richfield Co.,* 107 S.W.3d 652, 659 (Tex.App.-Texarkana 2003, pet. denied in part, dism'd in part) (venue mandatory where property located in contract suit requiring determination of ownership rights in mineral lease); *In re City Nat'l Bank,* 257 S.W.3d 452, 455 (Tex.App.-Tyler 2008, orig. proceeding) (suit to cancel deed of trust procured by fraud is a suit to remove an encumbrance from title and affects an interest in land). In addition, no special distinctions are made for real property suits simply because they are couched in terms of a declaratory judgment. *See In re Applied Chemical Magnesias Corp.,* 206 S.W.3d 114, 118–19 (Tex.2006). The ultimate or dominant purpose of a suit determines whether it falls under the mandatory venue statute. *See City Nat'l Bank;* 257 S.W.3d at 454; *Bracewell v. Fair,* 638 S.W.2d 612, 615 (Tex.App.-Houston [1st Dist.] 1982, no writ).

Plaintiff's petition begins by asserting the lis pendens is wrongful and demanding its release. In the section entitled "summary of the claims," TBAN states:

Airvantage ... caused to be filed in Harris County, Texas, a lis pendens ... that Airvantage has asserted to deny Plaintiff proceeds from the sale of Plaintiff's partnership interest in the [Vista Property].

The lis pendens is wrongful and void in that the interest Airvantage presumes to claim in the lis pendens arises from unauthorized and unlawful transactions....

Both the conversion claim and the conspiracy claim are also premised on the allegedly wrongful lis pendens. The conspiracy is said to be evidenced by the loan documents in which Epstein and Krieger pledged their partnership interests in the Vista Property. The conversion claim stems from Airvantage's claim to a portion of the proceeds of the sale of the Vista Property. TBAN's fraud claim is based on the fact that Airvantage claimed a security interest in another Harris County property in which Epstein pledged his interest as security for the Note. Although TBAN seeks damages for the alleged wrongful acts described in its petition, all of the relief ultimately sought requires adjudication of the validity of the Liens. Despite TBAN's characterization of its claims, the pleadings demonstrate that at its core, the suit affects an interest in land or is tantamount to a suit to quiet title or remove an encumbrance from real property.

 TBAN maintains the lis pendens was not the focus of the lawsuit because the lis pendens did not meet the statutory definition of a lis pendens and was therefore not valid. A lis pendens is a "notice, recorded in the chain of real property ... to warn all persons that certain property is the subject matter of litigation." *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex.App.-Austin 2007, pet. denied); *see also*, Tex. Prop. Code Ann. § 12.007(a) (Vernon 2004).

TBAN correctly identifies the statutory requisites and general purpose of a lis pendens, but its argument is misplaced. A suit to remove a spurious lis pendens which has no support by a pending suit is an action to quiet title. *See Daugherty v. Garrett*, 336 S.W.2d 642, 644 (Tex.Civ. App.-San Antonio 1960, writ dism'd w.o.j.). Although the lis pendens was ultimately found to be invalid, the question of validity required judicial determination. Our inquiry involves the proper geographic location for a suit seeking this type of adjudication.

TBAN's argument concerning the materiality of the lis pendens is similarly misplaced. Although the lis pendens was removed before the lawsuit was filed, the question concerning its validity remained. The funds in escrow were not to be released until ownership of the property was resolved. The final judgment declaring the Liens invalid and ordering the parties take nothing on the remaining claims further illustrates that the dispute centered on the parties' interests in the Vista Property. Consequently, we conclude the nature of the suit was of the type encompassed by section 15.011, and venue was mandatory in the county where the property was located.

 Once it is demonstrated that the court's judgment would have some effect on an interest in land, then the venue of the suit is properly fixed under the mandatory venue statute. *See Northern Natural Gas v. Chisos Joint Venture I*, 142 S.W.3d 447, 453 (Tex.App.-El Paso 2004, no pet.). If a mandatory venue provision applies to any claims or cause of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.004 (Vernon 2002); *In re Texas Windstorm Ins.*

*Ass'n,* 121 S.W.3d 821, 825 (Tex.App–Beaumont 2003, orig. proceeding).

The Vista Property is located in Harris County. Because TBAN based its claims for damages on the ownership rights to a real property interest, venue was mandatory in the county where the property was located. All of the claims arising out of the same transaction were required to be brought in that county. Therefore, we conclude the trial court erred when it denied the motion to transfer venue to Harris County. Airvantage's mandatory venue issue is sustained.

Airvantage argues in the alternative that the trial court should have transferred the case to Harris County under the permissive venue provision. Airvantage also argues the trial court erred when it refused to allow Airvantage to withdraw its nonsuit of Heard. In light of our disposition of the mandatory venue issue, we need not consider the remaining issues. *See* TEX.R.APP. P. 47.1 (appellate court need only address issues necessary to final disposition on appeal). We reverse the judgment of the trial court and remand the case with instructions to transfer the case to Harris County.