NUMBER 13-09-00317-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE WELLS FARGO HOME MORTGAGE,


A DIVISION OF WELLS FARGO BANK, N.A.






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez (1)



 By petition for writ of mandamus, relator, Wells Fargo Home Mortgage, a division
of Wells Fargo Bank, N.A. ("Wells Fargo"), challenges an order denying its motion to
transfer venue to Travis County under section 15.011 of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (Vernon 2002). We
conditionally grant the petition for writ of mandamus as stated herein.

I. Background


 Walter David Carmichael purchased a residence in Travis County in 2000. After
Carmichael defaulted on several payments due on the property, Wells Fargo foreclosed
on this property and sold it at a foreclosure sale in September 2003. In November 2003,
Carmichael moved to Nueces County. In December 2003, despite the fact that Wells
Fargo had already foreclosed on the Travis County property and sold it, Wells Fargo
entered into a mortgage modification contract with Carmichael. Wells Fargo represented
to Carmichael that it had not foreclosed on the property, and subsequently, Carmichael
made payments to Wells Fargo pursuant to the mortgage modification contract. 

 In 2006, Carmichael attempted to sell the property and discovered that Wells Fargo
had already sold it. Carmichael brought suit against Wells Fargo in Nueces County
seeking monetary damages for wrongful foreclosure, breach of contract, fraud, and
deceptive trade practices. Wells Fargo moved to transfer venue to Travis County, and the
trial court denied the motion. This original proceeding ensued. This Court requested and
received a response to the petition for writ of mandamus from Carmichael. The parties
have also provided the Court with further briefing in the form of a reply brief from Wells
Fargo and an additional response from Carmichael. (2) 

II. Mandamus Relief


 Ordinarily, a writ of mandamus will issue only if the trial court has committed a clear
abuse of discretion and the relator has no adequate remedy by appeal. See In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The
trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or
apply the law." Id. (quoting Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig.
proceeding)).

 In this case, relator contends that Travis County is the mandatory venue for the suit
under section 15.011 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac.
& Rem. Code Ann. § 15.011. Mandamus is available by statute to enforce section 15.011. 
See id. § 15.0642 (Vernon 2002); see also In re Applied Chem. Magnesias Corp., 206
S.W.3d 114, 116 (Tex. 2006) (orig. proceeding). Therefore, establishing that an appellate
remedy is inadequate is not a prerequisite to mandamus in this case. See In re Mo. Pac.
R.R. Co., 998 S.W.2d 212, 215 (Tex. 1999) (orig. proceeding).

 In a mandatory venue mandamus action, an appellate court reviews a trial court's
ruling on a motion to transfer for an abuse of discretion. In re Applied Chem. Magnesias
Corp., 206 S.W.3d at 117. A trial court has no discretion in determining what the law is or
in applying the law to the facts. See In re Mo. Pac. R.R. Co., 998 S.W.2d at 216. When
a trial court's denial of a motion to transfer amounts to a clear and prejudicial error of law,
mandamus relief will be granted. See In re Applied Chem. Magnesias Corp., 206 S.W.3d
at 119.

III. Analysis


 Certain kinds of suits involving land must be filed in the county where all or part of
the property is located:

 Actions for recovery of real property or an estate or interest in real property,
for partition of real property, to remove encumbrances from the title to real
property, for recovery of damages to real property, or to quiet title to real
property shall be brought in the county in which all or part of the property is
located.


Tex. Civ. Prac. & Rem. Code Ann. § 15.011; see In re Applied Chem. Magnesias Corp.,
206 S.W.3d at 117. Moreover, if a mandatory venue provision applies to any claims or
causes of action, then all claims and causes of action arising from the same transaction
must be brought in the county of mandatory venue. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.004 (Vernon 2002); Airvantage, L.L.C. v. Tban Props. # 1, L.T.D., 269 S.W.3d 254,
257 (Tex. App.-Dallas 2008, no pet.). 

 Two venue facts must be established to show that venue is mandatory under
section 15.011: (1) that the nature of the suit fits within those listed in section 15.011; and
(2) that all or part of the realty at issue is located in the county where venue is sought. In
re Lemons, 281 S.W.3d 643, 646 (Tex. App.-Tyler 2009, orig. proceeding); In re Stroud
Oil Props., Inc., 110 S.W.3d 18, 25 (Tex. App.-Waco 2002, orig. proceeding). It is
undisputed that the property that was foreclosed on is located in Travis County, so the sole
issue herein is whether the suit falls within the parameters of section 15.011.

 The "ultimate or dominant purpose" of a suit determines whether that particular suit
falls under the mandatory venue statute and not "how the cause of action is described by
the parties." In re City Nat'l Bank, 257 S.W.3d 452, 454 (Tex. App.-Tyler 2008, orig.
proceeding) (citing Bracewell v. Fair, 638 S.W.2d 612, 615 (Tex. App.-Houston [1st Dist.]
1982, no writ)); see Renwar Oil Corp. v. Lancaster, 154 Tex. 311, 276 S.W.2d 774, 776
(1955); Yzaguirre v. KCS Res., Inc., 53 S.W.3d 368, 371 (Tex. 2001). In construing a
previous version of section 15.011, the Texas Supreme Court explained that the nature of
the suit is determined from the facts alleged in the plaintiff's petition, the rights asserted,
and the relief sought. See Renwar Oil Corp., 276 S.W.2d at 775; see also Airvantage
L.L.C., 269 S.W.3d at 257 ("Whether the recovery is called conversion, breach of contract,
or other non-real property types of recovery, the true nature of the lawsuit depends on the
facts alleged in the petition, the rights asserted, and the relief sought."). In Renwar Oil
Corporation, in ascertaining whether mandatory venue applied, the supreme court
analyzed "the heart of the controversy" and "the controlling issue" in the case. Id. at 776. 
Similarly, in Yzaguirre, the supreme court considered the "substance of the dispute" under
the former version of the statute. 53 S.W.3d at 371.

 The Texas Supreme Court has recently explained that section 15.011 has been
modified by the Legislature to include an additional reference to "actions for an 'interest'"
in real property, which "suggests that the Legislature intended section 15.011 to be more
inclusive regarding the types of real property suits subject to mandatory venue." In re
Applied Chem. Magnesias Corp., 206 S.W.3d at 118. In Applied Chemical, the plaintiff
filed a declaratory judgment action seeking to clarify the rights and remedies of the parties
under a letter agreement providing for the excavation of minerals from the plaintiff's land. 
See id. at 116. The supreme court determined that "the essence of this dispute" was
whether Applied Chemical had the right to mine marble on the plaintiff's land:

 Like the plaintiffs in Renwar Oil Corporation, Aggregate is using the
declaratory judgment mechanism as an indirect means of quieting title to the
mineral estate in the Marble Canyon land. The essence of this dispute is
whether Applied Chemical has a right to mine marble on Aggregate's land.
If it does, Applied Chemical has a mineral lease, which involves an interest
in real property. In the event Applied Chemical does not have a right to mine
marble from Aggregate's land, Aggregate has a claim against Applied
Chemical for damages to its property for the marble that has been removed
from its land. Both cases fall within section 15.011's mandatory venue
provision.


Id. at 119. Accordingly, the supreme court held that the case was "an action involving an
interest in real property," thus making it subject to the mandatory venue provision of section
15.011.

 Following the supreme court's lead, other courts have recently construed section
15.011 more broadly. In Airvantage L.L.C., a property owner brought a declaratory
judgment action against a lender seeking removal of a lis pendens on grounds that it was
invalid. 269 S.W.3d at 257. Considering that all of the relief sought by the property owner
required adjudication of the validity of the liens at issue, the court concluded that, "at its
core," the suit "affected" an interest in land or was "tantamount to a suit to quiet title or
remove an encumbrance from real property." Id. at 259. The court ultimately determined
that the parties' dispute "centered" on their respective "interests" in the property at issue
and concluded that the case fell under the mandatory venue statute. Id.

 Similarly, in In re City National Bank, the plaintiff brought suit against its lender
seeking damages as well as temporary and permanent injunctive relief to prohibit the
bank's foreclosure of its deed of trust lien. Id. at 453-54. The court of appeals considered
that the lien was an "encumbrance on the title to real property" and affected an interest in
land. Id. at 455. The court concluded that the "ultimate relief" sought by the plaintiff was
a permanent injunction to prevent foreclosure of the lien and reasoned that while the
injunction would not remove the encumbrance from the title, "[a]s a practical matter," the
injunction would render the lien and foreclosure rights a nullity. Id. Accordingly, the court
concluded that venue was mandatory in the county where the property was located. Id.;
see also In re Lemons, 281 S.W.3d at 648 (applying mandatory venue where plaintiff
sought to recover equitable title to real property by the imposition of a constructive trust);
Poock v. Wash. Mut. Bank, No. 01-08-00415-CV, 2009 Tex. App. LEXIS 5564, at **28-27
(Tex. App.-Houston [1st Dist.] July 16, 2009, orig. proceeding) (mem. op.) (applying
mandatory venue where appellee bank brought suit against appellant real property owner
for an order and declaration of rescission of a release of a lien the bank held against the
property); Madera Prod. Co. v. Atl. Richfield Co., 107 S.W.3d 652, 659 (Tex.
App.-Texarkana 2003, pet. denied in part, dism'd in part) (applying mandatory venue
where entitlement to damages required proof of ownership rights in mineral lease). 

 In the instant case, Carmichael brought suit for wrongful foreclosure of property
located in Travis County, including claims for breach of contract, fraud, and
misrepresentation under the deceptive trade practices act. Based on the text of section
15.011 and the foregoing analysis, this case represents a situation where venue is
mandatory in Travis County. Although Carmichael does not seek to recover the foreclosed
property or an interest therein, and is seeking only monetary damages for the alleged
wrongful foreclosure, we are directed by the supreme court to look to the "heart of the
controversy" herein, which is whether or not title to the Travis County property was
wrongfully taken from Carmichael. The essence of this dispute is whether Wells Fargo had
a right to foreclose on Carmichael's property. If it did, then it correctly obtained title to the
land, an "interest in real property," and could convey it to third parties. If Wells Fargo did
not have the right to foreclose, then it wrongfully obtained and disposed of the land. 
Examining the facts alleged in Carmichael's petition, the rights asserted, and the relief
sought, and considering the supreme court's recent pronouncement on mandatory venue
regarding an interest in land, we conclude that this case falls within the parameters of
section 15.011 of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.011. Accordingly, venue was mandatory in Travis County. Thus, the trial court
erred in denying Wells Fargo's motion to transfer venue of the case from Nueces County
to Travis County. 

IV. Conclusion


 When rightful ownership of real property must be decided as a prerequisite to the
relief requested, the mandatory venue statute governs. See Renwar Oil Co., 276 S.W.2d
at 776; Madera Prod. Co., 107 S.W.3d at 659-60. Because this dispute is essentially over
the rightful ownership of an interest in land in Travis County, section 15.011 requires the
claim be litigated in Travis County. See Tex. Civ. Prac. & Rem. Code Ann. § 15.011.

 The Court, having examined and fully considered the petition for writ of mandamus, 
the response thereto, and the additional briefing provided by the parties, is of the opinion
that relator has shown itself entitled to the relief sought. Accordingly, we LIFT our stay
order of August 7, 2009, and CONDITIONALLY GRANT relator's petition for writ of
mandamus. Carmichael's "Emergency Motion to Lift Stay of Underlying Trial Court
Proceedings" is DISMISSED AS MOOT. We are confident that the trial court will withdraw
its previous order and transfer the case. The writ will issue only if the trial court fails to
comply with this opinion.



 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 28th day of August, 2009.
1. See Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions); Tex. R. App. P. 
52.8(d) ("When granting relief, the court must hand down an opinion as in any other case.").
2. Wells Fargo's "Motion for Leave to File Additional Briefing and to Supplement the Record" is
GRANTED.