

NUMBER 13-09-00317-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE  WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez[1]**

By petition for writ of mandamus, relator,  Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"), challenges an order denying its motion to transfer venue to Travis County under section 15.011 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (Vernon 2002).  We conditionally grant the petition for writ of mandamus as stated herein.

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case.").

## I. BACKGROUND

Walter David Carmichael purchased a residence in Travis County in 2000. After Carmichael defaulted on several payments due on the property, Wells Fargo foreclosed on this property and sold it at a foreclosure sale in September 2003. In November 2003, Carmichael moved to Nueces County. In December 2003, despite the fact that Wells Fargo had already foreclosed on the Travis County property and sold it, Wells Fargo entered into a mortgage modification contract with Carmichael. Wells Fargo represented to Carmichael that it had not foreclosed on the property, and subsequently, Carmichael made payments to Wells Fargo pursuant to the mortgage modification contract.

In 2006, Carmichael attempted to sell the property and discovered that Wells Fargo had already sold it. Carmichael brought suit against Wells Fargo in Nueces County seeking monetary damages for wrongful foreclosure, breach of contract, fraud, and deceptive trade practices. Wells Fargo moved to transfer venue to Travis County, and the trial court denied the motion. This original proceeding ensued. This Court requested and received a response to the petition for writ of mandamus from Carmichael. The parties have also provided the Court with further briefing in the form of a reply brief from Wells Fargo and an additional response from Carmichael.[2]

## II. MANDAMUS RELIEF

Ordinarily, a writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relator has no adequate remedy by appeal. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The

---

[2] Wells Fargo's "Motion for Leave to File Additional Briefing and to Supplement the Record" is GRANTED.

trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *Id*. (quoting *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding)).

In this case, relator contends that Travis County is the mandatory venue for the suit under section 15.011 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Mandamus is available by statute to enforce section 15.011. *See id.* § 15.0642 (Vernon 2002); *see also In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 116 (Tex. 2006) (orig. proceeding). Therefore, establishing that an appellate remedy is inadequate is not a prerequisite to mandamus in this case. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999) (orig. proceeding).

In a mandatory venue mandamus action, an appellate court reviews a trial court's ruling on a motion to transfer for an abuse of discretion. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 117. A trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 216. When a trial court's denial of a motion to transfer amounts to a clear and prejudicial error of law, mandamus relief will be granted. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 119.

### III. ANALYSIS

Certain kinds of suits involving land must be filed in the county where all or part of the property is located:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real

3

property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011; *see In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 117. Moreover, if a mandatory venue provision applies to any claims or causes of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (Vernon 2002); *Airvantage, L.L.C. v. Tban Props. # 1, L.T.D.*, 269 S.W.3d 254, 257 (Tex. App.–Dallas 2008, no pet.).

Two venue facts must be established to show that venue is mandatory under section 15.011: (1) that the nature of the suit fits within those listed in section 15.011; and (2) that all or part of the realty at issue is located in the county where venue is sought. *In re Lemons*, 281 S.W.3d 643, 646 (Tex. App.–Tyler 2009, orig. proceeding); *In re Stroud Oil Props., Inc.*, 110 S.W.3d 18, 25 (Tex. App.–Waco 2002, orig. proceeding). It is undisputed that the property that was foreclosed on is located in Travis County, so the sole issue herein is whether the suit falls within the parameters of section 15.011.

The "ultimate or dominant purpose" of a suit determines whether that particular suit falls under the mandatory venue statute and not "how the cause of action is described by the parties." *In re City Nat'l Bank*, 257 S.W.3d 452, 454 (Tex. App.–Tyler 2008, orig. proceeding) (citing *Bracewell v. Fair*, 638 S.W.2d 612, 615 (Tex. App.–Houston [1st Dist.] 1982, no writ)); *see Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774, 776 (1955); *Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001). In construing a previous version of section 15.011, the Texas Supreme Court explained that the nature of the suit is determined from the facts alleged in the plaintiff's petition, the rights asserted,

4

and the relief sought. *See Renwar Oil Corp.*, 276 S.W.2d at 775; *see also Airvantage L.L.C.*, 269 S.W.3d at 257 ("Whether the recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought."). In *Renwar Oil Corporation*, in ascertaining whether mandatory venue applied, the supreme court analyzed "the heart of the controversy" and "the controlling issue" in the case. *Id.* at 776. Similarly, in *Yzaguirre*, the supreme court considered the "substance of the dispute" under the former version of the statute. 53 S.W.3d at 371.

The Texas Supreme Court has recently explained that section 15.011 has been modified by the Legislature to include an additional reference to "actions for an 'interest'" in real property, which "suggests that the Legislature intended section 15.011 to be more inclusive regarding the types of real property suits subject to mandatory venue." *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 118. In *Applied Chemical*, the plaintiff filed a declaratory judgment action seeking to clarify the rights and remedies of the parties under a letter agreement providing for the excavation of minerals from the plaintiff's land. *See id.* at 116. The supreme court determined that "the essence of this dispute" was whether Applied Chemical had the right to mine marble on the plaintiff's land:

> Like the plaintiffs in Renwar Oil Corporation, Aggregate is using the declaratory judgment mechanism as an indirect means of quieting title to the mineral estate in the Marble Canyon land. The essence of this dispute is whether Applied Chemical has a right to mine marble on Aggregate's land. If it does, Applied Chemical has a mineral lease, which involves an interest in real property. In the event Applied Chemical does not have a right to mine marble from Aggregate's land, Aggregate has a claim against Applied Chemical for damages to its property for the marble that has been removed from its land. Both cases fall within section 15.011's mandatory venue provision.

5

*Id.* at 119.  Accordingly, the supreme court held that the case was "an action involving an interest in real property," thus making it subject to the mandatory venue provision of section 15.011.

Following the supreme court's lead, other courts have recently construed section 15.011 more broadly.  In *Airvantage L.L.C.,* a property owner brought a declaratory judgment action against a lender seeking removal of a lis pendens on grounds that it was invalid.  269 S.W.3d at 257.  Considering that all of the relief sought by the property owner required adjudication of the validity of the liens at issue, the court concluded that, "at its core," the suit "affected" an interest in land or was "tantamount to a suit to quiet title or remove an encumbrance from real property."  *Id.* at 259.  The court ultimately determined that the parties' dispute "centered" on their respective "interests" in the property at issue and concluded that the case fell under the mandatory venue statute.  *Id.*

Similarly, in *In re City National Bank*, the plaintiff brought suit against its lender seeking damages as well as temporary and permanent injunctive relief to prohibit the bank's foreclosure of its deed of trust lien.  *Id*. at 453-54.  The court of appeals considered that the lien was an "encumbrance on the title to real property" and affected an interest in land.  *Id.* at 455.  The court concluded that the "ultimate relief" sought by the plaintiff was a permanent injunction to prevent foreclosure of the lien and reasoned that while the injunction would not remove the encumbrance from the title, "[a]s a practical matter," the injunction would render the lien and foreclosure rights a nullity.  *Id*.  Accordingly, the court concluded that venue was mandatory in the county where the property was located.  *Id*.; *see also In re Lemons*, 281 S.W.3d at 648 (applying mandatory venue where plaintiff sought to recover equitable title to real property by the imposition of a constructive trust);

6

*Poock v. Wash. Mut. Bank*, No. 01-08-00415-CV, 2009 Tex. App. LEXIS 5564, at \*\*28-27 (Tex. App.–Houston [1st Dist.] July 16, 2009, orig. proceeding) (mem. op.) (applying mandatory venue where appellee bank brought suit against appellant real property owner for an order and declaration of rescission of a release of a lien the bank held against the property); *Madera Prod. Co. v. Atl. Richfield Co.*, 107 S.W.3d 652, 659 (Tex. App.–Texarkana 2003, pet. denied in part, dism'd in part) (applying mandatory venue where entitlement to damages required proof of ownership rights in mineral lease).

In the instant case, Carmichael brought suit for wrongful foreclosure of property located in Travis County, including claims for breach of contract, fraud, and misrepresentation under the deceptive trade practices act. Based on the text of section 15.011 and the foregoing analysis, this case represents a situation where venue is mandatory in Travis County. Although Carmichael does not seek to recover the foreclosed property or an interest therein, and is seeking only monetary damages for the alleged wrongful foreclosure, we are directed by the supreme court to look to the "heart of the controversy" herein, which is whether or not title to the Travis County property was wrongfully taken from Carmichael. The essence of this dispute is whether Wells Fargo had a right to foreclose on Carmichael's property. If it did, then it correctly obtained title to the land, an "interest in real property," and could convey it to third parties. If Wells Fargo did not have the right to foreclose, then it wrongfully obtained and disposed of the land. Examining the facts alleged in Carmichael's petition, the rights asserted, and the relief sought, and considering the supreme court's recent pronouncement on mandatory venue regarding an interest in land, we conclude that this case falls within the parameters of section 15.011 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE

7

ANN. § 15.011.  Accordingly, venue was mandatory in Travis County.  Thus, the trial court erred in denying Wells Fargo's motion to transfer venue of the case from Nueces County to Travis County.

## IV.  CONCLUSION

When rightful ownership of real property must be decided as a prerequisite to the relief requested, the mandatory venue statute governs.  *See Renwar Oil Co.*, 276 S.W.2d at 776; *Madera Prod. Co.*, 107 S.W.3d at 659-60.  Because this dispute is essentially over the rightful ownership of an interest in land in Travis County, section 15.011 requires the claim be litigated in Travis County.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011.

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the additional briefing provided by the parties, is of the opinion that relator has shown itself entitled to the relief sought.  Accordingly, we LIFT our stay order of August 7, 2009, and CONDITIONALLY GRANT relator's petition for writ of mandamus.  Carmichael's "Emergency Motion to Lift Stay of Underlying Trial Court Proceedings" is DISMISSED AS MOOT.  We are confident that the trial court will withdraw its previous order and transfer the case.  The writ will issue only if the trial court fails to comply with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 28th day of August, 2009.

8