In re APPLIED CHEMICAL MAGNESIAS CORPORATION, Relator.

No. 04–1119.

Supreme Court of Texas.

Argued Jan. 24, 2006.

Decided Aug. 31, 2006.

Rehearing Denied Dec. 15, 2006.

David R. Pierce, The Law Office of David Pierce, El Paso, for Relator.

Samuel Downing McDaniel, Law Office of Samuel D. McDaniel, Dana Livingston Cobb, J. Woodfin Jones, Alexander Dubose Jones & Townsend LLP, Austin, Real Party In Interest.

Justice GREEN delivered the opinion of the Court.

In this venue case we consider whether a declaratory judgment suit to determine the rights of the parties to a contract to acquire surface and mineral leases is an action involving an interest in real property thus making it subject to the mandatory venue provision of section 15.011 of the Texas Civil Practice and Remedies Code. We conclude that it is and conditionally grant the writ of mandamus.

## I. Background

Applied Chemical Magnesias Corporation ("Applied Chemical") and Texas Architectural Aggregate, Inc. ("Aggregate") executed a letter agreement for a proposal to excavate brucitic marble[1] from Aggregate-owned land in Culberson County ("the Marble Canyon land"). The agreement allowed Applied Chemical six months to study the feasibility of mining marble from the site, and provided an option to obtain surface and mineral leases upon proper notice to Aggregate and paying $5,000. After completing the feasibility study, Applied Chemical attempted to exercise its option to purchase the leases. Although Aggregate executed the surface lease contemplated in the letter agreement between the parties, it failed to deliver the written mineral lease. Aggregate did not deliver the mineral leases because it maintained that Applied Chemical had not fully complied with the terms of the agreement. However, despite disagreement over Applied Chemical's ability to satisfy the conditions of the letter agreement, it appears that Applied Chemical was allowed to commence mining operations shortly after Aggregate executed the surface lease. In

---

1. According to the agreement, brucitic marble is a collective term for three minerals: brucite, calcite, and dolomite.

explaining this apparent inconsistency, Aggregate asserts that "[t]he arrangements under which the parties have worked jointly on the mineral deposits since [the execution of the letter agreement] are in the nature of independent arrangements or novations concerning different various matters. . . ."

At any rate, Aggregate filed a declaratory judgment action in San Saba County seeking to clarify the rights and remedies of the parties under the letter agreement. San Saba County was chosen as the county of venue because that is where the agreement was negotiated and executed, and Aggregate's principal place of business is located there. Applied Chemical answered and moved to transfer venue to Culberson County, the county in which the Marble Canyon land is located. It also later filed a *lis pendens* notice in Culberson County asserting an interest in the Marble Canyon land.

Applied Chemical's original motion to transfer venue contained several drafting errors. The motion was brought in the name of "Defendant Robert McCreless" and cited section 15.035 of the Texas Civil Practice and Remedies Code as a mandatory venue provision. In fact, McCreless is a principal of Applied Chemical and was not a party to the action, and Section 15.035 of the Civil Practice and Remedies Code is a permissive, not mandatory, venue provision dealing with written contracts. In two subsequent amended motions, Applied Chemical corrected these errors, substituting itself for McCreless as the movant and relying upon Section 15.011 of the Civil Practice and Remedies Code, which is a mandatory venue provision requiring suits involving interests in real property to be filed in the county where the property is located.

After conducting a hearing, the trial court denied Applied Chemical's motion to transfer venue. Applied Chemical now seeks mandamus relief in this Court after failing in that effort in the Third Court of Appeals.

## II. Jurisdiction

■ The Civil Practice and Remedies Code provides that "[a] party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of [chapter 15 of the Civil Practice and Remedies Code]." TEX. CIV. PRAC. & REM.CODE § 15.0642. "[This] language . . . seems to contemplate a review of the merits of the trial court's decision on mandatory venue." *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex.1999). Aggregate has challenged our jurisdiction to hear this case, arguing that the trial court's order denying Applied Chemical's motion to transfer venue (which did not specify a reason for the decision) may not have been based on the merits of the venue statute but rather on the due-order-of-pleading rule. *See* TEX.R. CIV. P. 86(1) (stating that venue objections are waived if not filed prior to or concurrently with any other pleading).

In addition to challenging the applicability of section 15.011, Aggregate argued before the trial court that the amended venue motions (which corrected the errors in the original motion) violated the due-order-of-pleading rule because the amended motions were filed after Applied Chemical's answer. Because the trial court did not specify in its written order whether it was denying the venue motion on its merits or based on the due-order-of-pleading rule, Aggregate contends we cannot be certain that mandamus jurisdiction is proper in this case. We disagree.

While it is true that the trial court's order did not specify the grounds upon which it denied Applied Chemical's venue motion, the record of the hearing shows

that the court explicitly overruled Aggregate's due-order-of-pleading argument, stating that "it's this [c]ourt's holding that the motion to transfer venue can be amended. The [c]ourt will consider same." *Accord In re Pepsico, Inc.*, 87 S.W.3d 787, 794 (Tex.App.-Texarkana 2002, no pet.) (holding that an original timely motion to transfer venue may be amended to cure defects in the original motion if the amended motion is filed before the trial court rules on the original motion, and that the properly-filed amended motion relates back to and supersedes the original motion to transfer venue). In addition, the court conducted a lengthy discussion with counsel on the merits of the venue statute and subsequently explained his ruling from the bench. The record is clear that the trial court's order denying Applied Chemical's motion to transfer venue was a decision on the merits and, accordingly, we have mandamus jurisdiction under the authority of Civil Practice and Remedies Code section 15.0642.

## III. Venue

■ In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling upon the motion. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 215. Here, the trial court concluded that Aggregate's declaratory judgment action was not a suit involving an interest in real property and thus fell outside the scope of section 15.011.

Section 15.011 of the Civil Practice and Remedies Code governs venue in suits involving land disputes. It states:

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located.

TEX. CIV. PRAC. & REM.CODE § 15.011. Here, there is no dispute that the land in question is located in Culberson County. Thus, the only issue is whether Aggregate's declaratory judgment action is of the type that falls within one of the actions described in section 15.011.

According to Aggregate's original petition, it is seeking a declaration of the "rights, status, and legal relations" under the letter agreement. Relying on this Court's decision in *Smith v. Hall*, 147 Tex. 634, 219 S.W.2d 441 (1949), Aggregate argues that such a suit does not involve an "interest in real property" as that term is used in section 15.011.

In *Smith*, this Court held that a suit for specific performance of a contract regarding royalty rights and interests arising from the production of oil and gas did not fall within the mandatory venue provision of a predecessor statute to section 15.011. *Id.* at 444. The suit in *Smith* was filed by a nonprofit organization that represented the rights and interests of landowners and certain royalty owners against the leaseholder of the property. *Id.* at 442. This Court granted mandamus relief and held that "a suit for specific performance of a contract to convey an interest in land, or for damages for breach of such contract, does not come under the provisions of the venue statutes relating to suits for the recovery of lands or damages thereto." *Id.* at 444. Noting that the primary cause of action alleged was for specific performance, this Court held that the purpose of the suit was to compel the defendant to carry out his agreement, and the damages sought were based on the amount of royalties paid to the plaintiffs and the amount which the defendant should have paid if he had executed the desired contracts. *Id.* at 443.

Because Aggregate did not request any remedy other than declaratory relief, its suit cannot fairly be interpreted as a suit for specific performance. *Smith* is therefore not directly on point. Nevertheless, Aggregate concludes that *Smith* limits the types of suits involving real property that may be brought under the mandatory venue provisions. Specifically, Aggregate argues that *Smith* stands for the broad proposition that a suit for construction or enforcement of an executory contract for the sale of land is not a suit for the recovery of land or to quiet title within the meaning of section 15.011. We disagree.

In *Smith,* the Court was applying article 1995 of Vernon's Texas Civil Statutes, a now-repealed predecessor statute to section 15.011. *Id.* at 444. That venue statute contained several provisions relevant to real property suits:

[Section] 12. **Lien.**—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part there of subject to such lien is situated.

[Section] 13. **Partition.**—Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be [located.]

[Section] 14. **Lands.**—Suits for recovery of lands or damages there to, or to remove incumbrances [*sic*] upon the title to land, or to quiet title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

[Section] 15. **Breach of warranty.**—Suits for breach of warranty of title to lands may be brought in any county where either vendor resides, and all other vendors may be joined in the same suit.

Act of Dec. 10, 1863, 10th Leg., 1st S., 1863 Tex. Gen. Laws 10, (repealed 1985) (rele-vant version available at TEX.REV.CIV. STAT. art.1995, §§ 12–15 (1948)). Article 1995 provided a more complex scheme for venue in real property cases and was less inclusive with regard to mandatory venue than the current statute. For example, section 13 of article 1995 stated that suits for the partition of land or other property *"may be brought"* in the county where the property was located. *See id.* (emphasis added). In other words, under article 1995, partition suits were not subject to mandatory venue. The current version of the statute, section 15.011, however, adds partition suits among the types of real property suits where venue is mandatory. TEX. CIV. PRAC. & REM.CODE § 15.011. In addition, section 15.011 includes actions for an "interest" in real property, language that is absent from its predecessor, article 1995. The addition of the word "interest" further suggests that the Legislature intended section 15.011 to be more inclusive regarding the types of real property suits subject to mandatory venue.

Moreover, even under article 1995, we did not make special distinctions for real property suits simply because they were couched in terms of a declaratory judgment action. In *Renwar Oil Corporation v. Lancaster,* the plaintiffs sought a declaratory judgment that they were entitled to receive a royalty payment under a mineral lease. 276 S.W.2d 774, 775 (Tex.1955). When the defendants sought to transfer venue, the plaintiffs argued that because the action was one for declaratory relief, the suit did not concern the recovery of an interest in land or to quiet title to an interest in land. *Id.* We disagreed, holding:

Where the trial court, as between the parties, must either locate a survey on the ground ... in order to determine a dispute ..., or must determine that one party is estopped to deny a certain location, the suit is essentially one of the recovery for land and to quiet title with-

in subdivision 14, Art.1995, even though cast as one for a declaratory judgment. *Id.* at 776. Like the plaintiffs in *Renwar Oil Corporation,* Aggregate is using the declaratory judgment mechanism as an indirect means of quieting title to the mineral estate in the Marble Canyon land. The essence of this dispute is whether Applied Chemical has a right to mine marble on Aggregate's land. If it does, Applied Chemical has a mineral lease, which involves an interest in real property. In the event Applied Chemical does not have a right to mine marble from Aggregate's land, Aggregate has a claim against Applied Chemical for damages to its property for the marble that has been removed from its land. Both cases fall within section 15.01 1's mandatory venue provision.

We therefore must conclude that the trial court's denial of the motion to transfer amounts to a "clear and prejudicial error of law," necessitating mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). As a result, we conditionally grant the writ of mandamus and direct the trial court to transfer venue to Culberson County. The writ will issue only if the trial court fails to comply.