NUMBER 13-07-00013-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 




IN RE MOMENTUM ENERGY CORP., 

D/B/A MOMENTUM ENERGY OPERATING CORP., 

AND BRIAN S. CALHOUN





On Petition for Writ of Mandamus










MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Chief Justice Valdez


 

 In this venue case, we consider whether a contractual dispute between a landowner
and leaseholder is subject to the mandatory venue provision of section 15.011 of the Texas
Civil Practice and Remedies Code. (1) We conclude that it is and conditionally grant the writ
of mandamus.

I. BACKGROUND

 Casa Bonita Ranch, L.L.P. ("Casa Bonita"), the real party in interest, is the owner
of the surface estate of land known as the Casa Bonita Ranch, which is located in Goliad
County, Texas. Momentum Energy Corporation d/b/a Momentum Energy Operating
Corporation and Brian S. Calhoun (collectively referred to as "Momentum"), the relators,
are the current owners of the leasehold estate. Cummins and Walker Oil Company, Inc.,
a wholly-owned subsidiary of Momentum, operates the mineral estate. On August 21,
2006, representatives from Casa Bonita and Momentum executed a surface use
agreement. The agreement sets conditions on the operator's use of the land and provides
for liquidated damages owed to the landowner for property deterioration caused by certain
mineral exploration activities. 

 On October 17, 2006, Casa Bonita filed suit in the 214th District Court of Nueces
County against Momentum for breach of contract and fraud; it also requested temporary
and injunctive relief. In the alternative, Casa Bonita sought a judgment declaring the
surface use agreement void based on Momentum's alleged material breaches. Casa
Bonita alleged that Momentum violated the agreement's provisions by removing oak trees
without paying for them, failing to resurface roadways, allowing the consumption of alcohol
on the premises, trespassing on ranch property, damaging an electric gate and a cattle
guard, and failing to remove and replace topsoil. Regarding the fraud claim, Casa Bonita
alleged that Momentum entered into the agreement without intending to abide by it. Casa
Bonita sought liquidated, actual, exemplary, and punitive damages for Momentum's
actions. Additionally, Casa Bonita moved for a temporary restraining order to prevent
Momentum from locating production equipment on the land. (2) 

 The venue section of Casa Bonita's original petition in the district court alleges
venue is permissive in Nueces County because the agreement was negotiated and
executed in Nueces County and also because Momentum has its place of business in
Nueces County. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.035, 15.002 (Vernon 2002). 
Venue facts are found in Casa Bonita's original petition and an affidavit by David Rumley,
general partner of Casa Bonita Ranch, L.L.P., dated December 14, 2006 and filed with the
trial court sometime after the original petition was filed. Casa Bonita's petition tracks the
assertions in Rumley's affidavit. Rumley states that he negotiated with Brian Calhoun, a
representative of Momentum, and Charles Gordon, an attorney representing Momentum,
regarding Momentum's use of the surface estate. He further states that all of the
negotiations as well as the execution of the surface agreement were conducted in Nueces
County. 

 Momentum filed a motion to transfer venue contending that Goliad County is the
county of mandatory venue. As proof, Momentum attached a survey establishing that all
of the surface estate is located in Goliad County. Momentum specifically denied that (1)
Casa Bonita had any legal basis to bring a cause of action in Nueces County, (2) the
surface use agreement designates performance or venue in Nueces County, and (3) any
claim made the basis of Casa Bonita's suit occurred in Nueces County. 

 Momentum's motion to transfer venue was heard on December 19, 2006. The
attorneys for each party presented arguments before the trial court at the hearing, but no
in-court testimony was heard. The motion was denied in writing at the hearing. 
Momentum timely filed its petition for writ of mandamus. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.0642 (Vernon 2002). (3)

II. DISCUSSION

A. Standard of Review

 Mandamus is available to enforce a mandatory venue provision. Id.; In re Missouri
Pac. R.R., 998 S.W.2d 212, 215 (Tex. 1999). The relator must demonstrate the trial court
abused its discretion, but is not required to show he lacks an adequate remedy by appeal.
Id. at 215-16.

B. General, Permissive, & Mandatory Venue Provisions

 Generally, all lawsuits must be brought in either: (1) the county in which all or a
substantial part of the events or omissions giving rise to the claim occurred; (2) the county
of defendant's residence at the time the cause of action accrued if the defendant is a
natural person; or (3) the county of the defendant's principal office in this state, if the
defendant is not a natural person. See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)
(Vernon 2002). However, mandatory and permissive venue provisions are exceptions to
the general venue rule. Id. 

 The permissive venue statute allows certain contractual disputes to be brought
against the defendant in either the county in which the defendant signed the contract or in
the county in which the defendant resides when the action is commenced. Tex. Civ. Prac.
& Rem. Code Ann. § 15.035(b) (Vernon 2002). Otherwise, a contract action based on an
obligation to be performed in a particular county can be brought in the contemplated county
or the county in which the defendant has his domicile. Id. at § 15.035(a).

 Mandatory venue provisions control over general venue provisions. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.004 (Vernon 2002). Section 15.011 of the Texas Civil
Practice and Remedies Code provides:

 Actions for recovery of real property or an estate or interest in real property, for
partition of real property, to remove encumbrances from the title to real property, for
recovery of damages to real property, or to quiet title to real property shall be
brought in the county in which all or a part of the property is located.


Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (Vernon 2002) (emphasis added). Section
15.011 is a mandatory venue statute. Id. When a plaintiff has properly joined two or more
claims arising from the same occurrence or series of transactions or occurrences, and one
of the claims is governed by a mandatory venue provision such as section 15.011, then the
suit must be brought in the county required by the mandatory venue provision. See id. §
15.004.

C. Venue Procedure

 A plaintiff has the first opportunity to fix venue in a proper county by filing suit in that
county. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). In its
motion to transfer venue, a defendant must specifically deny the venue facts in the
plaintiff's petition; if not, they are taken as true. Tex. R. Civ. P. 87(3)(a). Once the
defendant has specifically denied the plaintiff's venue facts, then the plaintiff is required
to make prima facie proof of its venue facts. Id.; In re Missouri Pac. RR., 998 S.W.2d at
212. However, "no party shall ever be required for venue purposes to support by prima
facie proof the existence of a cause of action or part thereof, and at the hearing the
pleadings of the parties shall be taken as conclusive on the issues of existence of a cause
of action." Tex. R. Civ. P. 87(3)(a). The Rules of Civil Procedure also provide: "It shall not
be necessary for a claimant to prove the merits of a cause of action, but the existence of
a cause of action, when pleaded properly, shall be taken as established as alleged by the
pleadings." Tex. R. Civ. P. 87(2)(b).

D. Analysis

 Casa Bonita posits that the dominant purpose of its suit is Momentum's breach of
the surface use agreement, and that under the dominant purpose test, venue is proper in
Nueces County because the suit focuses on a contract that was negotiated and executed
there. But see N. Natural Gas Co. v. Chisos Joint Venture,142 S.W.3d 447, 453 (Tex.
App.-El Paso 2004, no pet.) (applying the dominant purpose test, but holding that
mandatory venue provisions controlled in a declaratory judgment action based on a
contract dispute brought by a natural gas interest holder against a purchaser of an interest
in the leasehold's processing facility because the primary purpose of the suit was to
remove an encumbrance). 

 The dispositive issue under the dominant purpose test is not how a suit is plead or
what form it takes. See Renwar Oil Corp. v. Lancaster, 276 S.W.2d 774, 776 (Tex. 1955). 
 It is the ultimate or "dominant" purpose of a suit that determines whether a particular suit
falls under the mandatory venue statute, and not how the cause of action is described by
the parties. Bracewell v. Fair, 638 S.W.2d 612, 615 (Tex. App.-Houston [1st Dist.] 1982,
no writ). A court determines the nature of the suit by looking to the rights asserted in the
plaintiff's petition and the relief sought therein. In re Stroud Oil Properties, Inc., 110
S.W.3d 18, 25 (Tex. App.-Waco 2002, orig. proceeding). Once it is demonstrated that
the court's judgment would have some effect on an interest in realty, then the venue of the
suit is properly fixed under the mandatory venue statute. Bracewell, 638 S.W.2d at 615.

 Momentum's challenge to venue focuses on the mandatory venue provisions. It
contends that the dominant purpose test was developed as an analytical tool for dealing
with venue questions before the 1995 revisions to the mandatory venue provision.
Momentum argues that section 15.011's mandatory requirement has abolished the
dominant purpose test. (4) See Madera Prod. Co. v. Atl. Richfield Co., 107 S.W.3d 652, 659
(Tex. App.-Texarkana 2003, no pet.) (holding that the underlying claims were based on
damages to a real property interest and that transfer to the county where the mineral
interest was located was proper). 

 The Texas Supreme Court recently dealt with a similar question in In re: Applied
Chemical Magnesias Corp., 206 S.W.3d 114 (Tex. 2006, orig. proceeding). In that case,
Applied Chemical executed a letter agreement to excavate marble from Aggregate's land. 
Id. at 114. The agreement was negotiated and executed in one county, but the land was
located in a different county. Id. The agreement granted Applied Chemical a six month
feasibility study period and an option to obtain surface and mineral leases upon proper
notice to Aggregate. Id. Aggregate eventually executed a surface lease, but did not
deliver a mineral lease because it maintained that Applied Chemical had not fully complied
with the terms of the agreement. Id. Applied Chemical proceeded to mine for marble. Id. 
In the meantime, Aggregate filed a declaratory judgment in the county where the
agreement was negotiated and executed. Id. Applied Chemical challenged venue. Id. 
The supreme court reasoned that Aggregate was using the declaratory judgment
mechanism as an indirect means of quieting title to the mineral estate. Id. at 119. In
conditionally granting the mandamus the Court noted that Applied Chemical either had a
mineral lease, which is an interest in land, or was liable for damages to Aggregate for the
removal of marble. Id. 

 The instant case is similar to Applied Chemical in that the land at the center of the
dispute is located in a different county than where the agreement in question was
negotiated and located. As in Applied Chemical, we must also ascertain the true nature
of the lawsuit based on the facts alleged in the petition, the rights asserted, and the relief
sought - not on the terms chosen by the parties to describe the cause of action. Delese
v. Albertson's, Inc., 83 S.W.3d 827, 830 (Tex. App.-Texarkana 2002, no pet.).

 The surface use agreement conditions Momentum's use of Casa Bonita's surface
estate and specifies damages. It is a written contract that gives rise to contractual
obligations. It also complements the large body of jurisprudence governing the rights
between surface and mineral estates. See generally, Ball v. Dillard, 602 S.W.2d 521, 523
(Tex. 1980) (noting that a grant of minerals would be worthless to a grantee if he could not
enter upon the land for exploration and extraction of the minerals granted) (citing Harris v.
Currie, 142 Tex. 93, 176 S.W.2d 302 (1943); Stanolind Oil & Gas Co. v. Wimberly, 181
S.W.2d 942 (Tex. Civ. App.-El Paso 1944, no writ)). Although this suit cannot be
construed as one to quiet title, such as the declaratory judgment action in Allied Chemical,
it seeks relief "for damages to real property." See Tex. Civ. Prac. & Rem. Code Ann. §
15.011.

 Moreover, as the supreme court noted in Applied Chemical, the inclusion of the
word "interest" in section 15.011 suggests a legislative intent to be more inclusive regarding
the types of real property suits made subject to mandatory venue. In re: Applied Chemical
Magnesias Corp., 206 S.W.3d at 119. The surface use agreement represents
Momentum's interest in the surface estate in addition to any common-law rights. 

III. CONCLUSION

 We conclude that Casa Bonita's suit is governed by the mandatory venue provisions
of section 15.011. Accordingly, we conclude that the trial court's denial of Momentum's
motion to transfer amounts to a "clear and prejudicial error of law," necessitating
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). As a result, we
conditionally grant the writ of mandamus and direct the trial court to grant Momentum's
motion to transfer venue to Goliad County. The writ will issue only if the trial court fails to
comply. 


 

 ROGELIO VALDEZ

 CHIEF JUSTICE


Memorandum Opinion delivered and filed

on the 23rd day of March, 2007.
1. Neither party makes a venue argument based on a landlord-tenant dispute. Tex. Civ. Prac. & Rem.
Code Ann. § 15.0115(a) (Vernon 2002) (requiring that except as provided by another statute prescribing
mandatory venue, a suit between a landlord and a tenant arising under a lease shall be brought in the county
in which all or part of the real property is located). Therefore, we need not address the application of the
landlord-tenant venue provision to the instant case. Tex. R. App. P. 38.1(e).
2. An "Order Granting Plaintiff's Application for Temporary Restraining Order and Temporary
Injunction" was signed on October 18, 2006. According to Momentum's petition for writ of mandamus, an
injunction was orally rendered on October 31, 2006, although no written injunctive order is before us. 
3. The suit is set for trial on April 16, 2007. Momentum filed its petition on January 9, 2007. 


 A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue
provisions of this chapter. An application for the writ of mandamus must be filed before the later of:

 

 (1) the 90th day before the date the trial starts; or


 (2) the 10th day after the date the party receives notice of the trial setting. 


 Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002). 
4. Acts 1985, 69th Leg., ch. 959, § 1, eff. Sept. 1, 1985. Amended by Acts 1995, 47th Leg., ch. 138, §
2, eff. Aug. 28, 1995.