

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00222-CV

**LOWELL MERRITT,**

**Appellant**

 **v.**

**ROBERT DAVIS,**

**Appellee**

From the 380th District Court
Collin County, Texas
Trial Court No. 380-01387-2009

## MEMORANDUM OPINION

Lowell Merritt seeks to appeal the order of a McLennan County district court granting Robert Davis's motion to transfer venue to a Collin County district court. We will dismiss this interlocutory appeal for want of jurisdiction.

The Clerk of this Court advised the parties that the appeal is subject to dismissal for want of jurisdiction because it appears that no statute authorizes the appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). The Clerk also notified the parties that the appeal may be dismissed unless a response was filed showing grounds

for continuing the appeal. Merritt has filed a response contending that section 15.064(b) of the Civil Practice and Remedies Code authorizes this appeal. We disagree.

Section 15.064(a) of the same code provides in pertinent part, "No interlocutory appeal shall lie from the [venue] determination." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 2002). Rule of Civil Procedure 87(6) similarly provides, "There shall be no interlocutory appeals from [an adverse venue] determination." TEX. R. CIV. P. 87(6). An "interlocutory appeal" is one "that occurs before the trial court's final ruling on the entire case." BLACK'S LAW DICTIONARY 106 (8th ed. 2004).

Merritt relies on section 15.064(b), which provides, "On appeal from *the trial on the merits*, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (Vernon 2002) (emphasis added). The "trial on the merits" is the hearing in which the court makes its "final ruling on the entire case." There has not been a trial on the merits in Merritt's case yet.

Merritt complains that, if no interlocutory appeal is permitted, "any Defendant can LIE to obtain a Venue Change." We note, however, that sanctions are available for groundless pleadings or those filed in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13.

A venue ruling may be challenged in one of two ways. First, if the venue ruling allegedly violates a mandatory venue statute, a party may challenge that ruling by filing a petition for writ of mandamus with the court of appeals. TEX. CIV. PRAC. & REM. CODE

ANN. § 15.0642 (Vernon 2002); *see* TEX. R. APP. P. 52 (governing mandamus proceedings generally); *see also In re Applied Chemical Magnesias Corp.*, 206 S.W.3d 114 (Tex. 2006) (orig. proceeding) (mandamus proceeding challenging venue ruling). Conversely, if the venue ruling does not involve a mandatory venue statute, the ruling cannot be challenged in an appellate court until after the trial on the merits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a); TEX. R. CIV. P. 87(6); *Am. Home Products Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex. 2000) ("the law requires a party to wait until a final judgment is entered in a case to appeal an erroneous venue ruling").

Merritt has not filed a petition for writ of mandamus to challenge the McLennan County district court's venue ruling. No statute authorizes an interlocutory appeal of this ruling. Therefore, we dismiss Merritt's appeal for want of jurisdiction.

FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Appeal dismissed
Opinion delivered and filed August 5, 2009
[CV06]