Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

## OPINION

No. 04-11-00674-CV

**IN RE EVOLUTION PETROLEUM COMPANY**

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:         Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 7, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 14, 2011, relator Evolution Petroleum Company filed a petition for writ of mandamus, complaining the trial court abused its discretion in failing to transfer venue under the mandatory venue provision of section 15.011 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (West 2002). We agree and conditionally grant the petition for writ of mandamus.

### BACKGROUND

Real parties in interest Frederick M. Garcia and Lydia Garcia ("the Garcias") are the mineral interest owners of approximately 400 acres of land located in Webb County. Relator Evolution Petroleum Company is an oil and gas production company that entered into an oil and

---

[1] This proceeding arises out of Cause No. DC-10-327, styled *Frederick M. Garcia, et al. v. Evolution Petroleum Co., F/K/A Natural Gas Systems (NGS) Technologies, Inc.*, pending in the 229th Judicial District Court, Duval County, Texas, the Honorable Ana Lisa Garza presiding.

gas lease agreement with the Garcias. On December 9, 2010, the Garcias filed suit against Evolution, asserting claims for breach of the lease agreement and tortious interference, and seeking a declaratory judgment. In the original petition, the Garcias contend "[t]he primary term of the lease agreement has expired, and there has been no production (or insufficient production) of any minerals made the subject of the lease agreement. . . . As such, [Evolution] needs to completely and unequivocally release their previously held interests (per the terms of the lease agreement)." Furthermore, the Garcias seek a declaration from the trial court that: (1) the lease agreement has expired on its own terms; (2) Evolution's rights, privileges, and interests as previously existing pursuant to the terms of the lease are fully and completely released; and (3) the Garcias may enter into a new lease with any other person(s) and/or company. Finally, the Garcias complain in the petition that the "mineral interests have been encumbered pursuant to the terms of the lease, and such mineral interests have been encumbered by such lease agreement without production of any minerals (and/or insufficient production of minerals, if any)."

On December 31, 2010, Evolution filed a motion to transfer venue, which sought to have venue transferred to Webb County in accordance with section 15.011 of the Texas Civil Practice and Remedies Code because the land is located in Webb County and the suit is one involving an interest in real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011. Attached to the motion is an affidavit from Manuel E. Escamilla, a Registered Professional Land Surveyor and Registered Engineer, in support of Evolution's contention that the property is wholly located in Webb County. In the Garcias' response to the motion to transfer venue, they assert venue should remain in Duval County because the contract between the parties was executed in Duval County and "the dominant purpose of the declaratory action is to determine the rights of the parties pursuant to the terms of the contract executed by the parties in Duval County, Texas. . . . The

dominant purpose of the declaratory action sounds in breach of contract, and tortious interference." In Evolution's reply to the Garcias' response, it contends the Garcias' petition demonstrates the dominant purpose of the lawsuit is to determine whether the oil, gas and other mineral estate has reverted and revested in the Garcias or whether Evolution continues to have a right to the mineral interests pursuant to the oil and gas lease. Evolution further asserts that because the suit is one affecting an interest in land, venue is mandatory in the county in which the property is located.

On March 7, 2011, the trial court conducted a hearing on the motion to transfer venue. At the hearing, the Garcias' counsel stipulated that the mineral estate is wholly situated in Webb County. However, at the conclusion of the hearing the trial court denied Evolution's motion to transfer venue.

## ANALYSIS

Section 15.0642 of the Texas Civil Practice and Remedies Code provides that mandamus relief is appropriate to enforce the mandatory venue statutes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002) (providing a party may file a petition for writ of mandamus to enforce the mandatory venue provisions by filing the petition before the later of (1) the 90th day before the date the trial starts; or (2) the 10th day after the date the party receives notice of the trial setting); *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 214-15 (Tex. 1999) (orig. proceeding). We review the trial court's decision regarding a mandatory venue provision for an abuse of discretion. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 215. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

A party who seeks to transfer venue to another county under the mandatory venue provisions of section 15.011 has the burden to make proof by affidavit that venue is maintainable in the county to which the transfer is sought. TEX. R. CIV. P. 87 (2)(a), (3)(a). "A ground of mandatory venue is established when the party relying upon a mandatory exception to the general rule makes prima facie proof" by affidavit. *Id.* 87 (3)(c). Section 15.011 of the Texas Civil Practice and Remedies Code provides as follows:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011.

In the case at hand, Evolution filed an affidavit that provided the property at issue is wholly located in Webb County, which was later stipulated to by the Garcias' counsel at the hearing.[2] Therefore, the only issue is whether the Garcias' suit is of the type that falls within one of the actions described in section 15.011. *See id.* Here, the trial court determined the suit was not one involving an interest in real property, and, therefore, fell outside the scope of section 15.011.

We look to the essence of the dispute to determine whether it involves an interest in real property. *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 119 (Tex. 2006) (orig.

---

[2] The Garcias now contend the affidavit is defective. The affidavit first provides introductory statements regarding Mr. Escamilla's age, the fact that he has never been convicted of certain types of crimes, etc. Then, it provides "the *foregoing* factual statements made herein are true and correct and within my personal knowledge." (emphasis added). Finally, it provides the property is wholly situated in Webb County. As a result, the Garcias for the first time in this mandamus proceeding contend the affidavit is defective because it fails to establish Mr. Escamilla's statement "the property is wholly situated in Webb County" is true and correct or based upon personal knowledge because the use of the word "foregoing" only applies to the introductory statements. However, it is clear from reading the entire affidavit that Mr. Escamilla established the statements are true and correct and are based upon personal knowledge. *See Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990). However, even if this was not shown on the face of the affidavit, the Garcias' failure to object to the defects in form resulted in waiver. *Id.*

proceeding). Evolution contends the suit is one involving an interest in real property because the trial court's judgment will determine whether Evolution continues to have rights to the Garcias' mineral estate pursuant to the lease agreement or whether Evolution must release its interest. On the other hand, the Garcias contend the purpose of the suit is to determine the rights of the parties pursuant to the terms and conditions of the contract (the lease agreement), and it is not a suit involving an interest in real property. According to the Garcias' original petition, the Garcias contend the lease agreement has expired and because Evolution has failed to produce a sufficient quantity of minerals the interest has reverted back to the Garcias. The Garcias complain that Evolution will not leave the land and will not release its interests in the mineral estate. The Garcias seek a declaration from the trial court that the lease agreement has expired, Evolution's interests as per the lease are released, and the Garcias can enter into a new lease with another person or company. Finally, the Garcias complain the mineral interests have been encumbered by Evolution without production of any and/or insufficient production of minerals and seeks damages for its failure to promptly release its interest.

We find this case similar to the one in *In re Applied Chemical. Id.* at 116-19. In *In re Applied Chemical*, a declaratory judgment was filed by Aggregate, the owner of the land, seeking to clarify the rights and remedies of the parties under a letter agreement between Aggregate and Applied Chemical. *Id.* at 116. The original petition sought a declaration of the "rights, status, and legal relations" under the letter agreement. *Id.* at 117. The Court found as follows:

> The essence of this dispute is whether Applied Chemical has a right to mine marble on Aggregate's land. If it does, Applied Chemical has a mineral lease, which involves an interest in real property. In the event Applied Chemical does not have a right to mine marble from Aggregate's land, Aggregate has a claim against Applied Chemical for damages to its property for the marble that

has been removed from its land. Both cases fall within section 15.011's mandatory venue provision.

*Id.* at 119.

In the case at hand, the essence of the dispute is whether Evolution has the right to mine from the Garcias' mineral estate. *See id.* If it does, Evolution has a mineral lease, which involves an interest in real property. *Id.* In the event the trial court determines Evolution does not have a right to mine, the Garcias will recover their interest in the mineral estate. *Id.* Either way, this suit is one that involves an interest in real property and falls within section 15.011's mandatory venue provision. *Id.*

## CONCLUSION

Accordingly, we conclude the trial court's denial of the motion to transfer venue was an abuse of discretion. Therefore, we conditionally grant the petition for writ of mandamus. The trial court is ordered transfer venue to Webb County, Texas. The writ will issue only if the trial court fails to comply within fourteen days.

Marialyn Barnard, Justice