**Denied and Opinion Filed June 17, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00344-CV

### IN RE PRICE DRILLING RIG NO. 5 COMPANY, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-16505**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

The underlying proceeding arises from a contract between real party in interest Valor Energy, LLC ("Valor") and relator Price Drilling Company, Inc. ("Price"). Valor contracted with Price to drill an oil well (the "Well") on land in Starr County, Texas. The contract included strict requirements regarding maximum deviation from vertical of the borehole and regarding changes in overall angle of the Well. After certain deviations and changes occurred outside the accepted maximums, Valor sued Price in Dallas County for breach of contract, fraud, and negligence. Price moved to transfer venue to Starr County where the Well is located, arguing that venue was mandatory in Starr County under section 15.011 of the civil practice and remedies code. Price also argued in the alternative that venue is proper in Duval County because that is the county of Price's principal office. The trial court denied the motion. In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate its order denying transfer and to grant the motion

to transfer venue, either to Starr County or Duval County. After reviewing the petition and the mandamus record, we deny the petition.

"A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of [chapter 15 of the civil practice and remedies code]." TEX. CIV. PRAC. & REM. CODE § 15.0642. "In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling upon the motion." *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006). Section 15.011 of the civil practice and remedies code governs venue in suits involving land disputes and provides:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or part of the property is located.

TEX. CIV. PRAC. & REM. CODE § 15.011. Here, there is no dispute that the land in question is located in Starr County. The parties dispute, however, whether Valor's lawsuit is for the recovery of damages to real property or for an interest in real property such that it falls under section 15.011.

Under this record, we conclude the trial court did not abuse its discretion by denying the motion to transfer venue because the lawsuit was not subject to mandatory venue under section 15.011. The record shows that the contract was executed in Dallas County, the alleged negligence is based on Price's performance of its drilling obligations, and the fraud claims relate in part to some actions directed at Valor in Dallas County. Valor does not seek damages for oil that has been wrongfully removed from its property, and does not seek any declarations as to Valor's or Price's rights to any portions of the property itself. Rather, Valor seeks breach of contract, fraud, and negligence damages for Price's failure to fulfill its duties under the contract to re-drill the Well and for the misrepresentations made by Price to Valor regarding Price's work on the alleged compliance with the terms of the contract. Those damages include direct damages, including costs and expenses incurred to identify and remedy the deviation in the well hole that Price was required

to pay under the contract but refused to pay. Other damages include costs incurred to hire a third party to measure the actual deviation, lost profits from potential loss of production, exemplary damages, and consequential damages. Under this record, relator did not establish the trial court clearly abused its discretion by concluding section 15.011 did not require venue in Starr County.

Further, Price is not entitled to mandamus relief from the trial court's refusal to transfer the case to Price's county of choice, Duval County. As a general rule, permissive venue determinations are not reviewable by mandamus. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). Appeal is an adequate remedy even though it involves delay and more expense than obtaining an extraordinary writ. *Id.* An appellate remedy may become inadequate under "exceptional circumstances." *Id.* This case does not present any of the "extraordinary circumstances" that justify mandamus relief. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). Moreover, the denial of transfer to a county of permissive venue is not cognizable under Chapter 15's limited grant of mandamus review. *See* TEX. CIV. PRAC. & REM. CODE § 15.0642.

For these reasons, we deny relator's petition for writ of mandamus.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190344F.P05

–3–