# 15-25-00098-CV

TRIAL COURT CAUSE NO. ___25-BC11B-0005_____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/4/2025 9:49:46 AM
CHRISTOPHER A. PRINE
Clerk

§      IN THE BUSINESS COURT
§
§      OF TEXAS
§
§
§      DIVISION 11B

## BUSINESS COURT CLERK'S INFORMATION SHEET

THE FOLLOWING INFORMATION HAS BEEN COMPILED BY THE BUSINESS COURT CLERKS OFFICE:

Date of order appealed: ___May 20, 2025_____

Type of Order (Interlocutory or Final): ___Final_____

Date Motion for New Trial Filed:_____

Request for Findings of Fact and Conclusions of Law filed: _____

Date Notice of Appeal Filed: ___June 3, 2025_____

Name of judge who entered judgment:_____Grant Dorfman_____

Name of court reporter:___Gina Jackson_____

       Address of court reporter:_____4555 Wonder Hill Rd., Chappell Hill, Texas 77426___

Name of attorney on appeal: ___Brandon Duke_____ SB#: ___24094476_____

       Attorney Address:_700 Louisiana St., Suite 2900, Houston, Texas 77002_____

       Attorney E-Mail Address: ___bduke@omm.com_____

       Attorney on appeal (check applicable box):

            ☐ appointed      x retained      ☐ Pro Se

Name of Appellee's Attorney: _Nicholas Brown_____

       Attorney Address: _609 Main St., Houston, Texas 77002_____

       Attorney E-Mail Address: ___nick.brown@kirkland.com_____

**Send Information Sheet, Notice of Appeal and Motion for New Trial (if filed) to:**

Fifteenth Court of Appeals via TAMES

Court Reporter via E-Mail

On___6/4/25_____        By: ___BC_____(clerk's initials)

E-filed in the Office of the Clerk
for the Business Court of Texas
6/3/2025 6:00 PM
Accepted by: Beverly Crumley
Case Number: 25-BC11B-0005

**IN THE BUSINESS COURT OF TEXAS**
**ELEVENTH DIVISION**

| | | |
|---|---|---|
| NGL WATER SOLUTIONS PERMIAN, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CAUSE NO. 25-BC11B-0005 |
| | § | |
| LIME ROCK RESOURCES V-A, L.P., d/b/a LIME ROCK RESOURCES, L.P., LRR PECOS VALLEY, LLC, | § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S NOTICE OF APPEAL

Pursuant to Texas Rule of Appellate Procedure 25.1, Plaintiff NGL Water Solutions Permian, LLC, files this Notice of Appeal. Plaintiff desires to appeal the Memorandum Opinion and Order, signed May 20, 2025, dismissing the action without prejudice, as well as any other rulings subsumed with that Order, in *NGL Water Solutions Permian, LLC v. Lime Rock Resources V-A L.P., d/b/a Lime Rock Resources L.P., LRR Pecos Valley, LLC*, Cause No. 25-BC11B-0005, in the Business Court of Texas for the Eleventh Division.

Plaintiff timely appeals to the Fifteenth Court of Appeals.

Dated: June 3, 2025

Respectfully submitted,

**O'MELVENY & MYERS, LLP**

/s/ *Brandon Duke*

Denise Scofield
Texas Bar No.: 00784934
dscofield@omm.com
Brandon Duke
Texas Bar No. 24094476
bduke@omm.com
Kyle Terao
Texas Bar No. 24106502
kterao@omm.com
700 Louisiana St., Suite 2900
Houston, Texas 77002
Phone: (832) 254-1500
Fax:     (832) 254-1501

**ATTORNEYS FOR PLAINTIFF NGL WATER
SOLUTIONS PERMIAN, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2025, a true and correct copy of the above and foregoing was served on all known counsel of record via the Court's electronic filing system.


*/s/ Kyle Terao*
Kyle Terao

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101580665
Filing Code Description: Notice of Appeal
Filing Description: NGL Water Solutions Permian, LLC's Notice of Appeal
Status as of 6/4/2025 8:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nick Brown | | nick.brown@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Harris Blum | | harris.blum@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Brandon Duke | | bduke@omm.com | 6/3/2025 6:00:12 PM | SENT |
| Miriam R.Vranderic | | mvranderic@omm.com | 6/3/2025 6:00:12 PM | SENT |
| Kyle Terao | | kterao@omm.com | 6/3/2025 6:00:12 PM | SENT |
| Denise Scofield | | dscofield@omm.com | 6/3/2025 6:00:12 PM | SENT |
| Ben Arnoldsen Crawford | | ben.arnoldsencrawford@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Joshua Jilovec | | jjilovec@omm.com | 6/3/2025 6:00:12 PM | SENT |
| BCDivision 11B | | BCDivision11B@txcourts.gov | 6/3/2025 6:00:12 PM | SENT |
| Holly Rioux-Lefebvre | | holly.rioux@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Daniel Donovan | | ddonovan@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Abby Ward | | abby.ward@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Greg Holly | | gregholly@sbcglobal.net | 6/3/2025 6:00:12 PM | SENT |
| Vanessa Higareda | | vanessa.higareda@kirkland.com | 6/3/2025 6:00:12 PM | SENT |
| Kellie Balli | | kballi@omm.com | 6/3/2025 6:00:12 PM | SENT |
| Stephanie Choi | | stephanie.choi@kirkland.com | 6/3/2025 6:00:12 PM | SENT |

2025 Tex. Bus. 19



**THE BUSINESS COURT OF TEXAS**
**ELEVENTH DIVISION**

| | | |
|---|---|---|
| NGL WATER SOLUTIONS PERMIAN, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Cause No. 25-BC11B-0005 |
| LIME ROCK RESOURCES V-A, L.P., d/b/a LIME ROCK RESOURCES, L.P., LRR PECOS VALLEY, LLC, | § § § § | |
| *Defendants.* | § § | |

---

### MEMORANDUM OPINION AND ORDER

---

The Court heard the Motion to Transfer Venue, Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and Rule 91a Motion to Dismiss filed by Defendants' Lime Rock Resources V-A, L.P. ("Lime Rock") and LRR Pecos Valley, LLC ("Pecos Valley") (together, "Defendants"), at an oral hearing on April 28, 2025. Upon consideration of the motions, responses, pleadings, evidence presented, arguments of counsel, and applicable law, the Court finds that the Motion to Transfer Venue is meritorious and should be granted. Accordingly, the Court need not and does not address the two motions to dismiss.

# I. BACKGROUND

¶1  The vast Permian Basin covers approximately 350 miles from western Texas to southeast New Mexico, and accounts for almost 40 percent of all U.S. oil production and nearly 15 percent of all natural gas production. Importantly for this case, water is also produced as a byproduct of oil and gas production, and such wastewater can drown the hydrocarbons if not disposed of properly. One form of wastewater disposal is to reinject the water into geological formations using disposal wells.

¶2  Plaintiff NGL Water Solutions Permian, LLC ("NGL") operates wastewater disposal wells in the Permian Basin, including wells in Loving County, Texas. Defendant Pecos Valley holds leasehold mineral rights and owns and operates oil and gas wells in the vicinity of NGL's Colt McCoy SWD No. 3 well in Loving County.

¶3  In October 2024, Pecos Valley sent a demand letter to NGL, alleging that NGL's injected wastewater had escaped confinement and damaged Pecos Valley's wells and mineral interests. Pecos Valley informed NGL that it had "reached the inescapable conclusion that water could only have come from NGL's Colt McCoy Disposal Wells," and that water had "migrated to and watered out the upper portion of the Bone Spring formation" resulting in a "complete loss of hydrocarbons that would otherwise have been produced."[1] Pecos Valley attached to the letter a draft petition it intended to file in Loving County District Court, but proposed that the parties first meet to explore whether claims might be resolved short of litigation.

---

[1] Ex. 2 to Hickman Decl. in support of Defendants' Motion to Transfer Venue, Pecos Valley Demand Letter at 2.

¶4      The diagram below is taken from NGL's petition and identifies the wells at issue. NGL's Colt McCoy disposal well is shown in the center, along with Pecos Valley's four oil and gas wells and their associated laterals.



¶5        The parties entered into a Mutual Standstill Agreement to facilitate settlement discussions but were unable to resolve their dispute. At 12:01 a.m., one minute after the agreement expired, NGL filed this declaratory judgment action, seeking a declaration that it is not liable for any alleged damages to Defendants' wells and the surrounding formation. NGL contends that a damages waiver provision in a "Shut In Agreement" between it and Lime Rock shields NGL from liability. The Shut In Agreement, which by its terms was in effect from May 10, 2023 until December 31, 2023, also contains a venue-selection clause stipulating that any lawsuits arising from the agreement must be adjudicated exclusively in Harris County courts.

¶6        After NGL filed this lawsuit, Pecos Valley filed a petition in the Loving County District Court, alleging causes of action for NGL's trespass, negligence, negligence per se, common law and statutory waste, and for a declaratory judgment that NGL's operations violate Pecos Valley's right to possession, use, and enjoyment of its mineral interests.[2]

¶7        Defendants then filed a Motion to Transfer Venue in the Business Court, asserting that mandatory venue lies in Loving County because this is a dispute involving real property governed by Section 15.011 of the Texas Civil Practice & Remedies Code. NGL counters that the core issue in this lawsuit is contractual; and that the sole issue before the Court is its request for a declaratory judgment that the Shut In Agreement immunizes it

---

[2] The Loving County lawsuit is styled *LRR Pecos Valley, LLC v. NGL Water Solutions Permian, LLC*, No. 25-151-DCCV-00017 (143rd Dist. Ct., Loving County, Tex.) (hereafter, "the Loving County Lawsuit").

from any liability to Defendants. Venue, it asserts, is proper in Harris County for three reasons: (1) the existence of a venue-selection clause designating Harris County, (2) Defendants' principal office is in Harris County, and (3) a substantial part of the events occurred in Harris County. TEX. GOV'T CODE § 25A.004(d)(2); TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(1), (3).

## II. LEGAL STANDARD

¶8        A defendant may challenge a plaintiff's chosen venue by filing a motion to transfer. TEX. R. CIV. P. 86-87; TEX. CIV. PRAC. & REM. CODE § 15.063. The plaintiff must present prima facie proof that the chosen venue is proper, while the defendant bears the burden of presenting prima facie proof that venue is proper in the county to which transfer is sought. *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 811 (Tex. 2023).

¶9        "[W]hen both a mandatory and a permissive venue statute apply to a suit, the permissive statute must yield to the mandatory statute." *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018). Texas Civil Practice and Remedies Code Section 15.011 provides that:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

¶10      This is a mandatory venue provision. If Section 15.011 applies to one of the claims or causes of action, then all claims and causes of action arising from the same transaction must be brought in the county of mandatory venue. TEX. CIV. PRAC. & REM. CODE § 15.004; *In re Tex. Windstorm Ins. Ass'n*, 121 S.W.3d 821, 825 (Tex. App.—Beaumont 2003, no pet.).

## III. ANALYSIS

¶11      Defendants contend that venue is mandatory in Loving County because the lawsuit essentially arises out of an effort to recover an interest in or damages to real property—namely, Pecos Valley's oil and gas wells. Although NGL's declaratory judgment action seeks an interpretation of the Shut In Agreement, it does so only to avoid potential liability for damages to Pecos Valley's real property as a result of its alleged trespass, negligence, and statutory waste—the very claims set out in the Loving County Lawsuit.

**A.**      **The Essence of the Dispute is an Action to Recover Damages to Real Property.**

¶12      Both parties agree: the Court must look to the "essence" of the parties' dispute in assessing venue, not how the parties describe their respective causes of action.[3] In determining whether a lawsuit involves an action listed in Section 15.011, the Court considers the facts alleged in the petition, the rights asserted, and the relief sought.[4]

---

[3] *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 119 (Tex. 2006*); see also Yzaguirre v. KCS Res., Inc.*, 53 S.W.3d 368, 371 (Tex. 2001) (examining the "substance of the dispute").

[4] *Brown v. Gulf Television Co.*, 306 S.W.2d 706, 708 (Tex. 1957); *see also Airvantage, L.L.C. v. TBAN Props. #1, L.T.D.*, 269 S.W.3d 254, 258 (Tex. App.—Dallas 2008, no pet.) ("Whether the recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought.").

That a suit relating to real property rights may sound in declaratory judgment does not alter the essential character of the dispute. *See In re Applied Chem.*, 206 S.W.3d at 118-19.

¶13        NGL's suit seeks a declaration that "NGL is not liable to [Defendants] for any purported damages to the [Defendants'] Wells and/or the surrounding formation." NGL Pet. ¶ 27. NGL claims a justiciable controversy exists because Pecos Valley sent NGL a demand letter claiming damage to the wells and seeking to recover its losses. NGL's petition asserts that Pecos Valley's "attempt to recover damages from NGL is expressly precluded by the [Shut In] Agreement", and requests entry of a declaratory judgment to that effect. NGL Pet. ¶ 20.

¶14        In *In re M3P Directional Services, Ltd.*, 2024 WL 3449205, at *2 (Tex. App.—Houston [14th Dist.] July 18, 2024, no pet.), the Fourteenth Court of Appeals held that a dispute "for alleged damage to the allegedly failed wellbores" involved damages to real property, thus triggering the mandatory venue provision. Here, NGL's petition expressly seeks a declaration absolving it from liability for "damages to [Defendants'] wells and/or the surrounding formation." NGL Pet. ¶ 27.

¶15        The relevant provision upon which NGL relies states that "Operator [NGL] shall have no responsibility or liability for damages to a Well." NGL Pet. Ex. 1, Shut In Agreement, p. 4. And the Shut In Agreement defines "Well" as "certain oil and gas wells . . . within a one-half mile of the Colt McCoy No. 3 SWD well ['SWD'] ('the Specified Area')", in Loving County. *Id.* at p. 1. NGL's declaratory judgment action can only "terminate the controversy or remove an uncertainty," TEX. CIV. PRAC. & REM. CODE § 37.003(c), if it impinges upon Pecos Valley's right to develop its Loving County leasehold interest without

7

unlawful interference by NGL. The immunity from liability that NGL espies in the Shut In Agreement plainly affects Pecos Valley's interest in real property in Loving County. At its essence, then, this dispute concerns the attempted recovery of damages to real property, which necessitates transfer to Loving County.[5]

¶16      Alternatively, NGL's suit involves an effort to recover an interest in real property within the meaning of Section 15.011. The Texas Supreme Court has construed the "addition of the word 'interest'" to mean "that the Legislature intended Section 15.011 to be more inclusive regarding the types of real property suits subject to mandatory venue." *In re Applied Chem.*, 206 S.W.3d at 118.[6] Because NGL's lawsuit seeks to insulate it from liability for invasion of Pecos Valley's real property interest located in Loving County, Section 15.011 mandates that venue shall lay in Loving County. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.,* 292 S.W.3d 660, 668 (Tex. 2009) ("The 'real' plaintiff in a tort action is the injured party."). NGL's attempt to recast its action as a suit concerning contractual rights cannot alter that conclusion. *In re Applied Chem.,* 206 S.W.3d at 118-19 (where declaratory judgment claim seeking contract determination involved alleged rights under mineral lease, essence of dispute arose from interest in real property governed by Section 15.011's mandatory venue provision).

---

[5] TEX. CIV. PRAC. & REM. CODE § 15.004; *Wichita County v. Hart,* 917 S.W.2d 779, 781 (Tex. 1996) ("If the plaintiff's chosen venue rests on a permissive statute and the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion."); *In re M3P Directional Services, Ltd.*, 2024 WL 3449205, at *2 n.1 (mandatory venue trumps permissive venue).

[6] *See also Northern Natural Gas v. Chisos Joint Venture I*, 142 S.W.3d 447, 453 (Tex. App.—El Paso 2004, no pet.) (venue is properly fixed under the mandatory venue statute once it is demonstrated that the court's judgment would have some effect on an interest in real property).

## B. The Venue-Selection Clause Does Not Supersede Section 15.011.

¶17    The Shut In Agreement contains a paragraph titled "Governing Law and Dispute Resolution" that, among other things, commits each party to submit to the exclusive jurisdiction "of the courts of the State of Texas and of the United States sitting in Harris County, Texas." NGL Pet. Ex. 1, Shut In Agreement ¶ 9. But venue-selection clauses are generally unenforceable in Texas unless the contract constitutes a "major transaction" as defined by Texas Civil Practice and Remedies Code Section 15.020(a). *Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 828 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

¶18    A major transaction is evidenced by a "written agreement under which a person pays or receives, or is obligated to pay or receive, consideration with an aggregate stated value equal to or greater than $1 million." TEX. CIV. PRAC. & REM. CODE § 15.020(a). The Shut In Agreement, however, states no value. The major transaction venue provision also appears inapplicable insofar as the agreement imposes no monetary obligation on either party; any potential consideration was conditioned on several events that never occurred. The parties agree that no shut-in request was ever made, accepted, or paid under its terms and during its Term. *See Hughes v. Pearcy,* 2014 WL 7014353, at *3 (Tex. App.— Austin; December 8, 2014, pet. denied) (contract not a major transaction within the meaning of Section 15.020 when face of agreement reflected only conditional and potential payments of alleged aggregate stated value).[7]

---

[7] Defendants also argue that the Shut In Agreement does not bind Pecos Valley because it is not a party to it— only Lime Rock is; and, at ¶ 12, the agreement disclaims any intent to benefit third parties. Defendants'

¶19    NGL argues, alternatively, that the Business Court statute contains an exception to the general rule that does not require a major transaction. *See* TEX. GOV'T CODE § 25A.006(a) ("[v]enue may be established as provided by law or, if a written contract specifies a county as venue for the action, as provided by the contract."). Even assuming NGL is correct, however, Section 25A.006(a) is at most a permissive venue provision: venue, it says, "***may*** be established" by the venue-selection clause in the contract. *Id.* (emphasis added). *See e.g., Wichita County,* 917 S.W.2d at 781-82 (Legislature's use of permissive term "may" in Whistleblower Act venue provision "strongly suggests that the Act's venue provision is permissive"). Which brings the analysis right back to the mandatory venue provision for real property disputes, and Section 15.004's directive that mandatory venue beats permissive venue, every time. NGL's declaratory judgment claim, properly understood, affects recovery of an interest in real property or seeks immunity from a claim for alleged damages to real property in Loving County. Accordingly, Loving County is the legally required venue for it and Defendants' dispute.

---

Motion to Transfer Venue at 19. NGL counters that portions of the agreement encompass Lime Rock's Affiliates, a defined term. NGL's Omnibus Resp. at p. 3. For purposes of this venue transfer motion only, the Court adopts NGL's reading. But for the reasons stated herein, that resolution does not alter the Court's analysis or conclusion.

**C.     The Court Need Not Address Defendants' Remaining Motions.**

¶20     Because of the foregoing resolution of the Motion to Transfer Venue, the Court need not address Defendants' two motions to dismiss.

## IV. CONCLUSION

¶21     For the foregoing reasons, Defendants' Motion to Transfer Venue is hereby **GRANTED.** Although the Court offered additional time at the oral hearing for it to do so, NGL did not make an election pursuant to TEX. GOV'T CODE § 25A.006(b) or (c); and so the Court believes it lacks authority to transfer the case to Loving County. Accordingly, the Court dismisses this cause without prejudice.

IT IS SO ORDERED.


GRANT DORFMAN
JUDGE, TEXAS BUSINESS COURT
ELEVENTH DIVISION

DATED: May 20, 2025

11