COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS

| | | |
|---|---|---|
| | § | |
| JIMMY LEE SWEED, | | No. 08-08-00224-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 448th District Court |
| | § | |
| CITY OF EL PASO POLICE | | of El Paso County, Texas |
| DEPARTMENT, CITY OF EL PASO, | § | |
| JAIME ESPARZA, DISTRICT | | (TC# 2008-159 ) |
| ATTORNEY AND EL PASO COUNTY | § | |
| DISTRICT  ATTORNEY'S OFFICE OF | | |
| EL PASO, TEXAS, | § | |
| | | |
| Appellees. | | |

**O P I N I O N**

This is an appeal from the granting of a plea to the jurisdiction and motion to dismiss in a suit for damages resulting from an alleged false arrest, false imprisonment, defamation of character, and denial of due process and due course of law.  We affirm.

Appellant filed this suit alleging false arrest, false imprisonment, defamation of character, denial of due process and due course of law, and physical and mental suffering following his arrest related to the robbery of a Circle K Convenience Store in El Paso, Texas.  Appellees filed pleas to the jurisdiction and motions to dismiss, which were granted by the trial court.  The trial court found that Plaintiff was obligated to comply with the requirements of Section 89.0041 of the Texas Local Government Code requiring notice of suit to the County Attorney and the County Judge within 30 days of filing suit.  The court further found that Plaintiff was obligated to provide notice under Section 101.101 of the Texas Civil Practice and Remedies Code and

failed to do so. El Paso County had not waived its sovereign immunity from claims of personal injury resulting from personal torts. The court found the District Attorney's office had no legal existence and capacity to be sued since it is not a separate entity from El Paso County. Finally, the court found that District Attorney Jaime Esparza was immune from suit given the claims alleged. In a separate order, the trial court found that the City of El Paso was immune from suit under 101.021 of the Texas Civil Practice and Remedies Code and the claims do not fall into any of the limited waivers of immunity. The trial court found the El Paso Police Department to be a department of the City of El Paso with no capacity or existence to be sued individually. Mr. Seed filed this appeal *pro se* challenging the trial court's orders.

*Pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.). A *pro se* litigant is required to properly present his case on appeal, just as he is required to do at the trial court. *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex.App.--Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076, 125 S.Ct. 928, 160 L.Ed.2d 816 (2005). In as much as we can ascertain from Appellant's brief, Appellant's first issue on appeal is the application of the Texas Torts Claims Act to his suit rather than construing it to be a 42 U.S.C. § 1983 suit.

A cause of action under 42 U.S.C. § 1983 requires the conduct complained-of to be committed by a person acting under color of state law, and the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *County of El Paso v. Dorado*, 180 S.W.3d 854, 862 (Tex.App.--El Paso 2005, pet. denied.). A claim for deprivation of federally secured rights that fail to invoke Section 1983 is fatally defective and

fails to state a claim upon which relief can be granted. *Hearth, Inc. v. Dept. of Public Welfare*, 617 F.2d 381, 383 (5th Cir. 1980). After a review of the Appellant's Original Petition and in line with the trial court's findings, Appellant failed to allege a proper Section 1983 claim. We find the pleadings raise only tort claims, to which the trial court properly applied the Texas Tort Claims Act. This issue is overruled.

We will address two issues where Appellant asks us to incorporate specific pages from a motion for reconsideration into the brief. The clerk's record contains two different motions to reconsider. It is Appellant's burden to discuss his assertions of error. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.). An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error. An issue presented for review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Id*. Appellant fails to specify which motion to reconsider he is incorporating into his brief. As such, we are unable to determine which motion for reconsideration Appellant is referring to and these issues have not been presented for review. *See* Tex.R.App.P. 38.1. These issues are overruled.

Appellant argues in the next issue that the suit is not against the District Attorney's Office separately, but is against El Paso County in its corporate name. Appellant argues the trial court found the opposite. In a related issue, Appellant argues El Paso County has the capacity to be sued and sued in its corporate name. The court consider the claim as both against El Paso County and against the District Attorney's Office separately. The trial court found that El Paso County was protected by sovereign immunity, and that the District Attorney's Office was part of the entity, El Paso County. The arguments raised present no issues for this Court to review. The

issues are overruled.

Having overruled all of Appellant's issues, we affirm the trial court's order dismissing the suit.

September 30, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.