

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00531-CV

Roger L. **LOTT**,
Appellant

v.

**FIRST BANK**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 372518
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  October 1, 2014

AFFIRMED

This is an appeal from the trial court's summary judgment in favor of appellee First Bank. On appeal, appellant Roger L. Lott contends the affidavit in support of First Bank's motion was insufficient to support the summary judgment because it: (1) was not based on personal knowledge, (2) was vague and unclear, and (3) was in relation to an account that was never provided as requested in discovery.  We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary for the disposition of this appeal. Accordingly, we provide facts merely for context.

According to First Bank's petition and motion for summary judgment, Lott and First Bank entered into a credit agreement whereby First Bank provided credit to Lott in return for Lott's promise to repay the credit with interest. First Bank brought suit when Lott allegedly defaulted and failed to pay the amounts due and owing.

Ultimately, First Bank filed a motion for summary judgment. The trial court granted the motion. Thereafter, Lott perfected this appeal.

## ANALYSIS

As noted above, Lott has raised three appellate issues. In each issue, Lott challenges the affidavit of the custodian of records submitted by First Bank in support of its motion for summary judgment.

### *Inadequate Briefing*

We must begin our analysis by addressing the briefing deficiencies in Lott's brief. On January 8, 2014, Lott filed a pro se appellant's brief. Upon review of the brief, this court noted the brief failed to comply with Rule 38.1 of the Texas Rules of Appellate Procedure in numerous respects. We specifically noted that:

> (1) the brief does not contain a table of contents, TEX. R. APP. P. 38.1(b);
> (2) the brief does not contain an index of authorities, TEX. R. APP. P. 38.1(c);
> (3) the brief does not include a statement of the nature of the case and the course of the proceedings, supported by references to the record, TEX. R. APP. P. 38.1(d);
> (4) the brief does not state concisely all issues or points presented for review, TEX. R. APP. P. 38.1(f);
> (5) the brief does not contain a statement of facts supported by references to the record, TEX. R. APP. P. 38.1(g);
> (6) the brief does not contain a summary of the argument, TEX. R. APP. P. 38.1(h);
> (7) the brief does not include a clear and concise argument for the contentions made with appropriate citations to authorities and to the record, TEX. R. APP. P. 38.1(i);

(8) the brief does not include an appendix containing the items specified in Rule 38.1(k), TEX. R. APP. P. 38.1(k); and

(9) the brief does not contain a certificate of service, as required by Rule 9.5, acknowledging that appellant served a copy of the document on all parties to the proceeding. TEX. R. APP. P. 9.5(a), (d), (e).

We advised Lott that as a pro se litigant, he was required to comply with all applicable procedural rules and would be held to the same standards as a licensed attorney. *See Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied); *Sweed v. City of El Paso Police Dept.*, 346 S.W.3d 679, 680 (Tex. App.—El Paso 2009, pet. denied). We determined the pro se brief constituted a flagrant violation of Rule 38.1, and therefore ordered Lott to file a redrawn brief, correcting the noted deficiencies.

In response, Lott did not file a redrawn brief. Rather, Lott hired an attorney and the attorney entered an appearance and moved for an extension of time to file the brief. We granted the requested extension, but advised Lott by order that the court would not entertain any additional motions for extension of time — by the date of this order, Lott's brief was more than ninety days overdue. We also advised Lott that any brief filed by counsel would need to correct the deficiencies identified in our previous order.

On February 11, 2014, Lott filed his redrawn brief. Despite our prior orders, the brief failed to correct a majority of the deficiencies identified by this court in our original order. Specifically, the six-page brief filed by counsel on behalf of Lott does not: (1) contain an index of authorities, TEX. R. APP. P. 38.1(c); (2) include a statement of the nature of the case and the course of the proceedings, *supported by references to the record*, TEX. R. APP. P. 38.1(d); (3) contain a statement of facts *supported by references to the record*, TEX. R. APP. P. 38.1(g); (4) include a clear and concise argument for the contentions made *with appropriate citations to authorities and to the record*, TEX. R. APP. P. 38.1(i); or (5) contain a certificate of service, as required by Rule 9.5, acknowledging that appellant served a copy of the document on all parties to the proceeding. TEX.

R. APP. P. 9.5(a), (d), (e). We note specifically, with regard to citation to authority and the record that the brief does not include a single citation to the clerk's record and, despite raising three disparate issues, the brief includes citation only to Texas Rules of Civil Procedure 166a(f), 192.3(b), and 193.6(a). Lott does not cite a single case — not even for the proper standard of review.

Even if we were to ignore the numerous other deficiencies in the brief and Lott's failure to comply with two of this court's orders, it is well-settled that an appellate brief must contain a clear and concise argument for the contentions made, *with appropriate citations to authorities and to the record*, or the issue may be deemed waived. *See, e.g., Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.) (holding failure to cite to relevant portions of record waives appellate review); *Niera v. Frost Nat'l Bank*, No. 04–09–00224–CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (holding failure to provide appropriate records citations or substantive analysis waived appellate issue); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (providing that failure to offer argument, citations to record, or authority waives appellate review); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.) (holding appellant waived alleged jury charge error by failing to include proper citation to record). More specifically, this court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Keyes Helium Co.*, 393 S.W.3d at 861–62; *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.); *Citizens Nat'l Bank*, 142 S.W.3d at 489.

Here, despite two specific warnings from this court about the lack of citation to the record and appropriate authorities, Lott failed to include even a single citation to the appellate record and

scant and inadequate citation to appropriate authorities. The argument contained in the brief is conclusory. Accordingly, we hold Lott's complaints are inadequately briefed, and therefore, waived.

Moreover, even if we were to consider Lott's arguments, we would find he has waived two of those arguments by failing to preserve them below, and the third is without merit. In his first issue, he appears to suggest the affidavit from the custodian of records supporting First Bank's motion for summary judgment is insufficient because it is not based on personal knowledge. More specifically, he appears to take issue with the phrasing in the affidavit, i.e., "best of my personal knowledge" as opposed to "personal knowledge."

This court has followed the supreme court's admonition in *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990), that a failure to object to the form of an affidavit on the ground that it does not show personal knowledge results in waiver of the complaint. *See, e.g., In re Evolution Petroleum Co.*, 359 S.W.3d 710, 713 n.2 (Tex. App.—San Antonio 2011, orig. proceeding); *Celadon Trucking Servs., Inc. v. Lugo's Sec. Agency*, No. 04-05-00018-CV, 2005 WL 2401886, at *3 n.3 (Tex. App.—San Antonio Sept. 28, 2005, no pet.) (mem. op.); *Garcia v. John Hancock Variable Life Ins.*, 859 S.W.2d 427, 433 (Tex. App.—San Antonio 1993, writ denied). The record does not establish Lott filed any objections to the affidavit submitted by First Bank in support of its motion for summary judgment. Accordingly, Lott has not preserved this issue for our review.

In his second issue, Lott contends summary judgment was improper because the custodian's affidavit relied upon by First Bank is "vague and unclear." Lott points to the following statement in the affidavit as "vague and unclear": "I further testify that the claim and cause of action for the aforesaid against: Roger L. Lott in the sum of $4672.31." Although he states the affidavit is "vague and unclear," he then argues the affidavit was inadmissible under Rule 166a(f)

because it did not "set forth facts as would be admissible in evidence." *See* TEX. R. CIV. P. 166a(f). We disagree.

The affidavit from First Bank's custodian of records, though not a model of clarity, unquestionably states First Bank's claim is for $4,672.31 based on the account records attached to the motion for summary judgment. We find the custodian's testimony to be clear as to the amount of debt claimed by First Bank, and disagree with Lott that the affidavit, when considered in context, is either vague or unclear. Moreover, the amount of the debt is a fact that would be admissible in evidence. Accordingly, we overrule this issue.

Finally, in his third issue, Lott complains the affidavit is somehow defective because it relates to a contract he allegedly entered into with First Bank, but First Bank failed to provide a copy of said contract during discovery as requested. Clearly, this issue is based on alleged pretrial discovery misconduct in the trial court. However, we find no formal discovery request for the alleged contract in the record, no motion to compel production of the alleged contract, and no ruling on any such discovery request. Accordingly, Lott has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1; *cf. Meyer v. Cathey*, 167 S.W.3d 327, 333 (Tex. 2005) (holding failure to obtain pretrial ruling on discovery dispute that exists before commencement of trial constitutes waiver of any claim for sanctions based on such conduct); *Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993) (same).

## CONCLUSION

Based on the foregoing, we first hold Lott has waived any appellate complaint by failing to comply with the briefing rules set out in Rule 38.1 of the Texas Rules of Appellate Procedure. Second, even if not waived due to inadequate briefing, issues one and three are waived for failure to preserve the complaint by objection in the trial court. As for the second issue, we find the

affidavit is neither vague nor unclear and contains facts that would be admissible in evidence. Accordingly, we overrule Lott's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice