

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00792-CV

Richard **LARES**,
Appellant

v.

Martha **FLORES**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-15663
Honorable Solomon Casseb III, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

This is an appeal from an order clarifying a final decree of divorce.  On appeal, appellant Richard Lares, who was pro se below and appears pro se on appeal, raises four issues challenging the trial court's order, claiming the trial court erred by: (1) failing to provide him notice of the hearing; (2) denying his motion for continuance; (3) refusing to hold appellee Martha Flores in contempt; and (4) discriminating against him because he is incarcerated, i.e., believing Flores's testimony instead of his.  We affirm the trial court's order.

**BACKGROUND**

A detailed rendition of the factual background is unnecessary for the disposition of this appeal. Accordingly, we provide a short procedural and factual background for context.

The trial court rendered a final decree of divorce in this case in 2007. A modified decree was rendered in 2008. In 2013, Lares filed a motion seeking to "vacate, correct, and modify" the final decree. A hearing was scheduled for September 13, 2013, but was reset to October 22, 2013, pursuant to an order signed September 13, 2013. On October 21, 2013, Lares filed a "Motion for Continuance, Entry for Contempt of Court, for Discovery, and for Deposition." The trial court denied the request for continuance and proceeded with the October 22, 2014 hearing. Lares, who is incarcerated, telephonically appeared at the hearing; Flores and her counsel personally appeared.

After the hearing, the trial court orally rendered an order clarifying the original divorce decree. The trial court later reduced the order to writing. Thereafter, Lares perfected this appeal.

**ANALYSIS**

Before we conduct any analysis of the issues raised by Lares, we must discuss whether he has presented anything for our review, i.e., has he waived his complaints due to inadequate briefing. In March 2014, Lares filed a pro se brief. After review, this court rendered an order, finding the brief "materially deficient." We specifically found that, among other things, the brief failed to provide references to the record in support of the nature of the case, the course of the proceedings, or the statement of facts. *See* TEX. R. APP. P. 38.1(d). Similarly, the argument portion of the brief failed to contain appropriate citations to legal authorities or to the appellate record. *Id.* R. 38.1(i). We ordered Lares to file an amended brief, cautioning him "that each statement in the brief about the proceedings in the trial court or about the evidence offered or admitted at such proceedings must be supported by citation to the appropriate volume and page of the clerk's order reporter's record," and his "legal arguments must be supported by appropriate citations to both the

appellate record and relevant legal authorities." We also referred appellant to case law stating that even though he is pro se, he is required to comply with all applicable rules of procedure, including the Texas Rules of Appellate Procedure, and he would be held to the same standards as a licensed attorney. *See Sweed v. City of El Paso*, 346 S.W.3d 679, 680 (Tex. App.—El Paso 2009, pet. denied); *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied). This court provided Lares with a copy of the entire appellate record.

Thereafter, Lares filed a motion to extend time to file his brief. We granted the request, and in our order we stated, in pertinent part:

> Appellant is advised to cite to the appellate record as follows. Cite to the reporter's record by stating the date of the hearing (10/22/13 or 12/8/14), page number, and if relevant, the line number. Cite to the clerk's record by referring to either the Clerk's Record or the Supplemental Clerk's record and the page number therein, and/or by identifying the specific document referred to by title.

Lares filed an amended brief. Although this court accepted the brief "as is," we issued a letter to Lares advising him the brief still failed to comply with the Texas Rules of Appellate Procedure because it contained insufficient citations to the appellate record. Lares seemingly acknowledged the briefing deficiency by letter filed in this court on June 27, 2014, in which he "apologizes" for "not using the entire record to support by claims." Lares' seems to claim his current wife prepared the brief for him because he states in his letter to the court that he sent "her the record to use."

This court, and others, have held a pro se litigant must properly present his case on appeal, i.e., in accordance with the Texas Rules of Appellate Procedure. *Clark v. Bristol West Ins. Servs. of Tex., Inc.*, No. 04-11-00276-CV, 2012 WL 4375790, at *1 (Tex. App.—San Antonio Sept. 26, 2012, no pet.) (mem. op.) (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no

pet.). If we were to hold otherwise, pro se parties would have "an unfair advantage over those represented by counsel." *Clark*, 2012 WL at 4375790, at \*1 (citing *Valadez*, 238 S.W.3d at 845; *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied)); *Canton-Carter*, 271 S.W.3d at 930; *N.E.B.*, 251 S.W.3d at 212.

The Rules of Appellate Procedure, which we referred Lares to in our various orders and correspondence, require that an appellate brief contain a statement of facts supported by references to the record and a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(d), (g). It is well-settled under Texas law that an appellate brief must contain appropriate citations to the appellate record and to proper authorities or the unsupported issues may be deemed waived. *See, e.g.*, *Keyes v. Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.) (holding failure to cite to relevant portions of record waives appellate review); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at \*3 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (holding that failure to provide appropriate records citations or substantive analysis waived appellate issue); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or authority waives appellate review); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 489 (Tex. App.—Fort Worth 2004, no pet.) (holding that appellant waived alleged jury charge error by failing to include proper citation to record). More specifically, this court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's arguments. *Keyes Helium Co.*, 393 S.W.3d at 861–62; *Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.); *Citizens Nat'l Bank*, 142 S.W.3d at 489.

Despite two orders and a letter, specifically warning Lares regarding the deficiencies in his brief, Lares failed to file a brief that contains appropriate and sufficient citations to the appellate record, which consists of over three hundred pages in the clerk's records and two volumes of reporter's records. Moreover, after filing his final brief, Lares admitted the deficiencies, sending a letter of apology for failing to "use" the appellate record. Additionally, Lares failed to cite to appropriate authorities in support of his complaints. Admittedly, he does include a few citations to authority, but most are not applicable to the issues raised.

Accordingly, we hold Lares failed to appropriately brief the issues raised in this court. He has, therefore, presented nothing for our review. We hold his issues are waived due to inadequate briefing.

## CONCLUSION

Based on the foregoing, we hold Lares has waived his appellate complaints, and we affirm the trial court's order.

Marialyn Barnard, Justice